NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-400                                              Appeals Court

COMMONWEALTH vs. DMYTRO TARANOVSKY.

No. 17-P-400.

Suffolk.      December 7, 2017. - June 18, 2018.

Present: Agnes, Blake, & McDonough, JJ.


Open and Gross Lewdness and Lascivious Behavior. Practice,
    Criminal, Required finding.


    Complaint received and sworn to in the Charlestown Division
of the Boston Municipal Court Department on August 12, 2015.

    After transfer to the Central Division of the Boston
Municipal Court Department, the case was tried before Mark H.
Summerville, J.


    Christopher DeMayo for the defendant.
    Dara Z. Kesselheim, Assistant District Attorney, for the
Commonwealth.


    AGNES, J. As pertinent here, the statute punishing "open

and gross lewdness and lascivious behavior," G. L. c. 272, § 16,

has remained unchanged for more than 230 years. See

Commonwealth v. Quinn, 439 Mass. 492, 495 & n.7 (2003), citing St. 1784, c. 40, § 3.  However, during that time, the definition of the crime has "evolved through our decisional law." Commonwealth v. Maguire, 476 Mass. 156, 158 (2017).  The Maguire decision represents the most recent "judicial construction" of the statute.  Id. at 161, quoting from Commonwealth v. Ora, 451 Mass. 125, 128 (2008).  In Maguire, the court announced that one of the five elements of the offense (element four) requires the Commonwealth to prove an "objective component," namely, that the defendant's conduct not only caused one or more persons to be shocked or alarmed, but in addition, "that 'shock' or 'alarm' was an objectively reasonable reaction in the circumstances of the conduct."  Maguire, supra at 161.[1]  This requirement does not

_____

[1] As relevant here, the current jury instruction, which was modified after the court's decision in Maguire, sets forth the five elements of the crime of open and gross lewdness that the Commonwealth must prove beyond a reasonable doubt, as follows:

"[1]:  That the defendant exposed his . . . buttocks to one or more persons; [2]:  That the defendant did so intentionally; [3]:  That the defendant did so 'openly,' that is, either he . . . intended public exposure, or he . . . recklessly disregarded a substantial risk of public exposure, to others who might be offended by such conduct; [4]:  That the defendant's act was done in such a way as would alarm or shock a reasonable person; and [5]:  That a least one person was alarmed or shocked."

Instruction 7.400 of the Model Jury Instructions for Use in the District Court (May, 2017).  See Maguire, 476 Mass. at 161. Prior to Maguire and in September, 2016, at the time of the trial in this case, the fourth element was defined as follows: "That the defendant's act was done in such a way as to produce

appear in any previously reported Massachusetts appellate decision.  Not surprisingly, the jury in this case were not instructed in accordance with Maguire, which was decided approximately three months after the conclusion of the defendant's trial.  We conclude that the absence of such an instruction created a substantial risk of a miscarriage of justice, and accordingly reverse the defendant's conviction of open and gross lewdness.

Background.  Taking the evidence in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the jury could have found the following facts.

On August 9, 2015, a twenty-seven year old female witness, N.M., was out for a boat ride on the Charles River with her father and some friends.  The boat was tied up in front of the Hatch Shell on the Esplanade, which is owned by the Department of Conservation and Recreation, patrolled by the State police, and open to the public.  N.M. noticed two children, between the ages of five and seven, who were riding scooters.  They stopped suddenly and turned their heads toward something.  When she followed their gaze to see what had caught their attention, she

_____

alarm or shock."  Commonwealth v. Kessler, 442 Mass. 770, 773 n.4 (2004).  See note 5, infra.

saw an individual, later identified as the defendant, walking in a "casual strut" down the walkway on the Esplanade. He walked the way models walk down the runway, to "let everybody see the outfit." The defendant was wearing a black sock-like object over his genitals, held in place by three strings in the shape of a "T." N.M. described it as a "banana hammock." The defendant's buttocks were exposed and he was otherwise completely naked.

When N.M. saw the defendant, she felt "shocked" and "just a little disgusted." She explained that she "wouldn't expose that to anybody," and further described what she had seen as "just a little unnerving." She testified that her reaction was based, in part, on the fact that there were children in the area who also saw the defendant. She took a photograph of the defendant, which was admitted into evidence. N.M. then decided to flag down a State police trooper passing by to report what she had seen. As the trooper, David Twomey, approached the defendant, he quickly turned away and put on his pants. The defendant appeared nervous, as "his eyebrows were twitching and he was stuttering." He told Twomey that he was sunbathing. Twomey subsequently placed the defendant under arrest.

Discussion. 1. Sufficiency of the evidence. The defendant argues on appeal that the Commonwealth's evidence was not sufficient to prove that his behavior was objectively and

subjectively shocking or alarming as required by Maguire.[2]

Initially, we must determine whether the interpretation of the open and gross lewdness statute announced in Maguire is applicable to the case before us. "Where a decision does not announce new common-law rules or rights but rather construes a statute, no analysis of retroactive or prospective effect is required because at issue is the meaning of the statute since its enactment." McIntire, petitioner, 458 Mass. 257, 261 (2010). See id. at 262 n.7. Maguire is applicable in the instant case because the court, through the process of judicial construction, explained that the open and gross lewdness statute contains an objective component.

The question for us thus becomes "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis omitted).

_____

[2] The defendant also argues that the judge erred in not instructing the jury that the crime of open and gross lewdness requires proof of a specific intent. In fact, in trying to explain the relationship between the fourth and fifth elements of the crime, the judge described the crime as a specific intent crime. This was error, though not prejudicial to the defendant because it added to the Commonwealth's burden of proof. Cf. Commonwealth v. Cummings, 273 Mass. 229 (1930) (rejecting defendant's argument that Commonwealth was required to prove that his conduct in a public restroom was intentionally open and public). The defendant does not challenge the sufficiency of the evidence as to the first three elements of the crime.

Latimore, 378 Mass. at 677. "The inferences drawn from [the] evidence need only be reasonable and possible, not necessary or inescapable." Commonwealth v. Morgan, 449 Mass. 343, 349 (2007) (quotation omitted). See Commonwealth v. Bush, 427 Mass. 26, 30 (1998).

a. Objective component of "shock" or "alarm." The fourth element of the crime of open and gross lewdness, as defined anew in Maguire, requires the Commonwealth to "demonstrate that 'shock' or 'alarm' was an objectively reasonable reaction in the circumstances of the conduct." Maguire, 476 Mass. at 161. Whether a person's reaction is reasonable based on the circumstances is typically a question to be determined by the fact finder. See ibid. See also Trenz v. Norwell, 68 Mass. App. Ct. 271, 275 (2007) ("Reasonableness is a question of fact for the [fact finder] whose decision is based on consideration of all the relevant circumstances" [quotation omitted]).

Although we regard this as a close question, reasonable minds could differ as to whether N.M.'s reaction to the defendant's deliberate exposure of his buttocks in a public area was objectively reasonable.[3] Thus, the Commonwealth should have

---

[3] What makes this case close is that unlike in Quinn, supra, where the Supreme Judicial Court held, for the first time, that "exposure of genitalia is not an essential element of the crime," 439 Mass. at 495, the examples given by the court in Quinn of facts that could satisfy the "shock or alarm" components of the offense involve acts where the victims are

the opportunity to present its case to a properly instructed jury, at a new trial.

b. <u>Subjective component of "shock" or "alarm."</u> The fifth element of proof requires the Commonwealth to demonstrate that at least one person was in fact shocked or alarmed by the defendant's exposure. See <u>Quinn</u>, 439 Mass. at 501; <u>Commonwealth</u> v. <u>Botev</u>, 79 Mass. App. Ct. 281, 287-288 (2011). "Where an 'observer suffered significant negative emotions as a result of the exposure,' the observer's reaction 'could justifiably be deemed alarm or shock,' . . . [sufficient] to convict a defendant of open and gross lewdness." <u>Commonwealth</u> v. <u>Pereira</u>, 82 Mass. App. Ct. 344, 347 (2012), quoting from <u>Commonwealth</u> v. <u>Kessler</u>, 442 Mass. 770, 775 (2004). "[T]he fact finder may consider not only the words used by the witness, but also other indicia of the witness's emotional state" in determining whether the observer suffered significant negative emotions as a result of the defendant's actions. <u>Pereira</u>, <u>supra</u>. One such indicium

---

children who are in close proximity to the defendant. "The sudden exposure of buttocks by dropping one's pants in front of children in an area (school) where such conduct would be wholly unexpected may alarm or shock, as surely as revealing one's penis. . . . A woman approaching a group of school children suddenly opening her blouse to expose her breasts may alarm or shock just as a man masturbating in a passing automobile might." <u>Id</u>. at 497-498. Whether the offense of open and gross lewdness should be limited to the type of conduct described in <u>Quinn</u> is for the Supreme Judicial Court to decide.

is "whether the witness immediately reported the incident." Commonwealth v. Militello, 66 Mass. App. Ct. 325, 334 (2006).

Here, N.M. testified that she was "shocked" and "just a little disgusted" by the defendant's exposure. She found it "[a] little nerve racking" both because she had never seen anything similar before and because there were children around. Indeed, she took a photograph of what she had seen and flagged down Twomey. While N.M. testified that her reaction was based in part on her concern over the impact of the defendant's behavior on the children who were on the Esplanade, she also testified that she experienced "a little shock[]" herself. For this reason, there was sufficient evidence to permit the jury to find that the Commonwealth had proved the fifth element of the offense.

2. Testimony and closing argument. The defendant contends that it was error to allow N.M. to testify as to her observations of the children on the Esplanade. Because the defendant did not object to this testimony, we review to determine if there was error, and if so, whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Renderos, 440 Mass. 422, 425 (2003). Although "[v]icarious concern for other people," without more, is not sufficient to demonstrate an individual's shock or alarm, see Maguire, 476 Mass. at 160, the Commonwealth had the right to present N.M.'s

account of the circumstances in which she made her observations. "[T]he prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story." Old Chief v. United States, 519 U.S. 172, 190 (1997). See Commonwealth v. Whitehead, 379 Mass. 640, 657 (1980). There was no error, let alone a substantial risk of a miscarriage of justice.[4]

3. Jury instructions. The defendant maintains that the judge omitted an instruction on an essential element of the crime, namely the "objective component" of open and gross lewdness, described for the first time in Maguire, supra, as "the focus of the fourth element." 476 Mass. at 159.

In this case, the judge instructed the jury that the crime of open and gross lewdness consisted of five elements, as follows:

> "First, that the defendant exposed his genitals or buttocks to one or more persons; that the defendant did so intentionally; that -- third, that the defendant did so openly, that is, either he intended public exposure or he

---

[4] As the evidence was properly admitted, the defendant's contention that it was error for the prosecutor to reference the children in his opening statement and closing argument must also fail. The defendant offers conclusory statements on these issues, which do not rise to the level of appellate argument. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, there was no error. The opening statement was based on what the prosecutor intended to prove by the evidence. See Morgan, 449 Mass. at 360. And in the closing argument, the prosecutor was "entitled to argue forcefully for the defendant's conviction" and use "the facts in evidence and the reasonable inferences that may be drawn therefrom." Commonwealth v. Diaz, 478 Mass. 481, 487 (2017) (quotation omitted).

recklessly disregarded a substantial risk of public exposure to others who might be offended by such conduct; fourth, that the defendant's act was done in such a way as to produce alarm or shock and, fifth that one or more persons were -- were, in fact, alarmed or shocked."[5]

Following the decision in Maguire, the District Court model jury instruction was revised. Element four of the five-element instruction now reads as follows: "Fourth: That the defendant's act was done in such a way as would alarm or shock a reasonable person."[6]

Due to the defendant's failure to object to the jury instructions given at trial, our review is limited to determining whether any error in the instructions gave rise to a substantial risk of a miscarriage of justice. See Commonwealth v. Azar, 435 Mass. 675, 685 (2002). See also Commonwealth v. Johnston, 467 Mass. 674, 704 (2014) (applying substantial likelihood of miscarriage of justice standard where, although defendant failed to object to jury instructions, he was entitled to "benefit of changes in decisional law . . . announced after trial and pending his direct review"). In applying the substantial risk of a miscarriage of justice standard, "[w]e

---

[5] This instruction is consistent with Instruction 7.400 of the Model Jury Instructions for Use in the District Court (2009), which renumbered the fourth and fifth element, but did not change the text of Instruction 5.42 of the Model Jury Instructions for Use in the District Court (1988). See Kessler, 442 Mass. at 773 n.4.

[6] See note 1, supra.

consider the strength of the Commonwealth's case, the nature of the error, the significance of the error in the context of the trial, and the possibility that the absence of an objection was the result of a reasonable tactical decision."  Azar, supra at 687.

An initial question, therefore, is whether the pre-Maguire model instruction effectively communicated to the jury that in order to find the defendant guilty, it was not sufficient for the Commonwealth to prove that his conduct produced shock or alarm in the mind of N.M., but that, as the post-Maguire model instruction states, the Commonwealth also must prove that "the defendant's act was done in such a way as would alarm or shock a reasonable person."  Instruction 7.400 of the Model Jury Instructions for Use in the District Court (May, 2017), fourth element.  Nowhere in the judge's instructions is there any reference to the distinction between the subjective and the objective components of the crime.  The jury were not informed that although the victim's experience of shock or alarm may satisfy the fifth element of the offense, the fourth element requires the jury to answer the independent question whether the victim's reaction was objectively reasonable.  Finally, it should be noted that after the jury began their deliberations, they asked the court for "a copy of the statute in question including the five conditions to be met."  After consulting with

counsel, the judge reinstructed the jury using the pre-Maguire model instruction followed by an explanation of the intent element and a reference to the fourth and fifth elements that did not convey the distinction between the subjective and the objective components.  For these reasons, we conclude that the instructions in this case were deficient for failing to communicate to the jury that in order to convict the defendant of open and gross lewdness they must find that the defendant's conduct produced shock or alarm in two independent respects, namely that N.M. experienced that reaction and that a reasonable person in her position also would have experienced shock or alarm.

Furthermore, the Commonwealth's case was arguably weak as it related to the reasonableness of the victim's shock or alarm. The evidence indicates that N.M., from her vantage point near a boat on a dock on the Charles River located near the Hatch Shell, observed the defendant, from the side, as he walked along the Esplanade wearing only a banana thong.  Because his genitals were covered, the judge correctly instructed the jury that the only basis for finding that N.M. suffered shock or alarm at the appearance of the defendant, from the side, was the exposure of his buttocks.  Even granting that N.M. was shocked or alarmed as a result of this experience, the jury were not asked and thus did not determine whether a reasonable person in N.M.'s position

would have experienced shock or alarm based on the observation of the defendant's buttocks from N.M.'s distant vantage point.

The defendant's failure to object to the jury instruction also cannot be characterized as a reasonable tactical decision. The judge recited the District Court model jury instruction to the jury, and no reported appellate decision prior to Maguire put the defendant on notice that proof that some particular person experienced shock or alarm as a result of witnessing the defendant's intentional act of exposing his buttocks in public is a fact separate and independent from whether a reasonable person in the victim's position would experience shock or alarm. See, e.g., Commonwealth v. Fitta, 391 Mass. 394, 396 (1984) (conviction for open and gross lewdness and lascivious behavior requires that "defendant's act [is] committed in such a way as to produce alarm or shock" [quotation omitted]).[7]  This, coupled

---

[7] Most of the reported decisions prior to Maguire dealing with the offense of open and gross lewdness address the relationship between this offense and the offense of indecent exposure, whether the defendant's conduct constituted exposure, whether that exposure was intentional or done with reckless disregard, whether the defendant's conduct was done openly, whether the observer's reaction was sufficient to meet the requirement of shock or alarm, whether the victim had to be an unsuspecting or unwilling person, and whether a prosecution based on exposure to a single victim was sufficient. See, e.g., Commonwealth v. Cummings, 273 Mass. 229 (1930) (conduct between two men in public toilet qualified as "open"); Revere v. Aucella, 369 Mass. 138, 147 (1975) (statute as applied to consenting adults is unconstitutional); Commonwealth v. Adams, 389 Mass. 265, 271 (1983) ("Here the defendant was arrested after a private citizen complained that he saw the defendant

with the Commonwealth's arguably weak case as to the objective component of the open and gross lewdness statute, leads us to conclude that the defendant's failure to object to the jury instructions cannot be considered a reasonable tactical decision.

Under these circumstances, we conclude that there was a substantial risk of a miscarriage of justice. See Commonwealth v. Stoltz, 73 Mass. App. Ct. 642, 644 (2009), quoting from

---

drive by slowly in his automobile on a public way with his penis exposed and masturbating. We believe that this conduct, if proved, would be included under the commonly understood meaning of 'open and gross lewdness and lascivious behavior' so as to give the defendant fair warning that his conduct is proscribed"); Quinn, 439 Mass. at 498 ("A woman approaching a group of school children suddenly opening her blouse to expose her breasts may alarm or shock just as a man masturbating in a passing automobile might"); Kessler, 442 Mass. at 774 ("Being 'excited' or 'nervous' may sometimes be unpleasant, but it does not connote the serious negative emotional experience required by the statute"; "[m]ere nervousness and offense has never been held sufficient to warrant a finding that the viewer was 'in fact alarmed or shocked'"); Ora, 451 Mass. at 127-128 (explaining relationship between open and gross lewdness and indecent exposure; noting that "the central purpose of G. L. c. 272, § 16, [is] . . . preventing fright and intimidation, particularly regarding children"); Commonwealth v. Gray, 40 Mass. App. Ct. 901, 901 (1996) (janitor's "disgust" upon seeing two men engaging in oral sex in public toilet was sufficient to satisfy "alarm or shock" requirement); Commonwealth v. Poillucci, 46 Mass. App. Ct. 300, 302-303 (1999) (witnesses' failure to identify object defendant was pulling up and down did not render unreasonable an inference that he had exposed his genitalia); Commonwealth v. Blackmer, 77 Mass. App. Ct. 474, 479-480 (2010) (conviction of open and gross lewdness requires proof that defendant openly exposed "some body part," and thus observation of act of unexposed masturbation in public place is not sufficient).

Commonwealth v. Hall, 48 Mass. App. Ct. 727, 730 (2000) ("[W]here 'error pertains to the definition given to the jury of the crime charged, the possibility of a substantial risk of a miscarriage of justice is inherent'").  For this reason, the defendant is entitled to a new trial.[8]

Judgment reversed.

Verdict set aside.

---

[8] Because of the result we reach, we need not decide whether the judge's failure to instruct in accordance with Maguire was a constitutional error that should be reviewed under the prejudicial error standard on the ground that it was not an issue that the defendant should be expected to have raised at trial.  See Commonwealth v. Miranda, 22 Mass. App. Ct. 10, 16-17 (1986) (discussing "clairvoyance" exception).