NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-77                                                Appeals Court

COMMONWEALTH  vs.  DAVID MELO.

No. 18-P-77.

Middlesex.      October 4, 2018. - May 8, 2019.

Present:  Green, C.J., Hanlon, & Maldonado, JJ.


Indecent Assault and Battery.  Assault and Battery.  Open and
     Gross Lewdness and Lascivious Behavior.  Practice,
     Criminal, Required finding, New trial, Assistance of
     counsel, Instructions to jury, Lesser included offense.


     Complaints received and sworn to in the Ayer Division of
the District Court Department on March 18 and 29, 2016.

     The cases were tried before Mark A. Sullivan, J., and a
motion for a new trial, filed on June 2, 2017, was heard by him.


     Andrew P. Power for the defendant.
     Melissa Weisgold Johnsen, Assistant District Attorney, for
the Commonwealth.


     HANLON, J.  After a jury trial, the defendant was found

guilty of indecent assault and battery on a person age fourteen

years or older, disorderly conduct, and open and gross lewdness.

The judge sentenced the defendant on the indecent assault and

battery and the open and gross lewdness charges and placed the

disorderly conduct conviction on file with the defendant's consent. The defendant appeals from the judgments and from the orders denying his motions for a new trial and for findings of fact on the denial of the new trial motion. He argues that the evidence was insufficient to prove open and gross lewdness; his counsel was ineffective for failing to request that the jury be instructed on the lesser included offense of indecent assault and battery; the judge erred when he failed to make findings of fact on the defendant's motion for a new trial; and the judge's instruction to the jury on the charge of indecent assault and battery was "deficient." We affirm.

Background. In March 2016, the victim had worked as a server at Dippin' Donuts for approximately two years. Dippin' Donuts was located in a gasoline station in Littleton, and the defendant was a frequent customer, usually appearing at the coffee shop between 7 and 8 A.M. every weekday morning. The victim did not know the defendant's name, and her interactions with him had been confined to exchanging pleasantries and taking his orders.

At approximately 7:30 A.M. on March 18, 2016, the victim took a break and went outside to smoke a cigarette and drink her coffee. The defendant drove into a handicap parking spot near where she was standing, got out of his car, and approached her, saying, "Good morning." She responded, "Good morning," and he

said, "Give me a hug, give me a kiss, just a little one," and extended his arms. She said, "No," and pushed him away from her. The defendant repeated his request, and when he received the same response, he reached around and squeezed her buttocks. The victim told him to get his donut and leave, and she went back into the coffee shop to finish her shift. The defendant followed her into the store and told her he wanted to buy something for her. Again, the victim told the defendant to leave. Still insisting that he wanted to buy her something, the defendant went to the manager and asked what kind of cigarettes the victim smoked; she told the manager that she did not want anything, but the defendant bought the cigarettes anyway. The victim took them back to the manager.

The defendant left the store and moved his car to another location in the parking lot. The victim then told her coworkers that the defendant had assaulted her outside the store. Some minutes later, the defendant approached the window of the store, pulled his pants down around his ankles, and danced around the parking lot; at least at one point, the victim saw him also pull down his underwear, leaving his buttocks fully exposed. Her coworker saw the defendant expose his buttocks "multiple times." The defendant continued to pull his pants up and down for several minutes. The victim described her reaction as "very, very distraught." Her coworker described herself as "shocked";

it was she who called the police. The victim testified, "I was like frantic. I didn't even know what was going on. I was scared. I didn't know what he was going to do." In addition, there were other customers both inside the gasoline station and in the parking lot.

Littleton Police Officer Patrick O'Donoghue was the first to arrive on the scene. O'Donoghue asked the defendant if he had exposed himself, and the defendant replied that he "had just taken off his . . . outer layer sweatshirt off of him." After speaking with the victim and her coworker, in addition to the defendant, O'Donoghue placed the defendant under arrest.

Discussion. 1. Sufficiency of the evidence. The defendant argues first that the judge erred in denying his motion for a required finding of not guilty on the open and gross lewdness charge. We review to determine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis omitted). [Commonwealth v.] Latimore, 378 Mass. [671,] 677 [(1979)]. 'The inferences drawn from [the] evidence need only be reasonable and possible, not necessary or inescapable.' Commonwealth v. Morgan, 449 Mass. 343, 349 (2007) (quotation omitted)." Commonwealth v. Taranovsky, 93 Mass. App. Ct. 399, 402 (2018).

In order to prove the defendant guilty of open and gross lewdness, the Commonwealth must prove "that the defendant (1) exposed genitals, breasts, or buttocks; (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so 'as to produce alarm or shock'; and (5) thereby actually shocking or alarming one or more persons." Commonwealth v. Maguire, 476 Mass. 156, 158 (2017), quoting Commonwealth v. Swan, 73 Mass. App. Ct. 258, 260-261 (2008). See G. L. c. 272, § 16. In addition, "[i]n Maguire, the court announced that one of the five elements of the offense (element four) requires the Commonwealth to prove an 'objective component,' namely, that the defendant's conduct not only caused one or more persons to be shocked or alarmed, but in addition, 'that "shock" or "alarm" was an objectively reasonable reaction in the circumstances of the conduct.'" Taranovsky, 93 Mass. App. Ct. at 400, quoting Maguire, supra at 161.

The defendant concedes that "four of the five elements of the offense were established." However, he argues that the Commonwealth failed to prove the fourth element. In his view, the "exposure of a dancing person's buttocks would not seriously shock or alarm an ordinary adult looking on from a considerable distance." We conclude that the defendant's behavior satisfies the elements of the crime. See Maguire, 476 Mass. at 158.

As we noted in Taranovsky, 93 Mass. App. Ct. at 402, "[w]hether a person's reaction is reasonable based on the circumstances is typically a question to be determined by the fact finder."[1]  In the case before us, the defendant deliberately and repeatedly exposed his buttocks in a public place.  At least one of the onlookers, the victim, whom the defendant earlier had assaulted sexually, was distraught and frightened; her shock or alarm is properly assessed in the context of the defendant's immediately preceding sexual assault against her.  Another onlooker was sufficiently shocked that she immediately called the police.  In the circumstances, we are satisfied that the evidence was sufficient to permit a reasonable jury to conclude that the onlookers' shock and alarm here was objectively reasonable.[2]

---

[1] In Taranovsky, 93 Mass. App. Ct. at 404, the jury were not instructed explicitly that the shock or alarm must be objectively reasonable.  Commenting that we considered the question to be close, on the evidence in that case, we remanded the matter for a new trial before a properly instructed jury. Id. at 402.  By contrast, for the reasons that follow, the present case does not raise a similar concern regarding the objective reasonableness of the shock or alarm of the victim and other onlookers.

[2] We note that the defendant raised no claim of error in the instructions to the jury on this issue, either at trial or in this appeal.  We also note that the judge's instructions advised the jury that "[m]ere nervousness and offense has never been held sufficient to warrant a finding that a viewer was in fact alarmed or shocked."  On the charge of disorderly conduct, the judge also told the jury that the Commonwealth must prove beyond a reasonable doubt that "the defendant's actions were reasonably

We also decline the defendant's invitation to "clarify" the notion that "exposure of the buttocks in an area where adults -- not children -- are present" is not a violation of the statute. See Commonwealth v. Quinn, 439 Mass. 492, 495 (2003) ("a defendant may be convicted under G. L. c. 272, § 16, for exposing his buttocks provided, of course, that the other elements of that crime are proved beyond a reasonable doubt").

The defendant also argues that the fact that he was "dancing" somehow immunizes him from the consequences of his behavior or clothes it with the protections offered by the First Amendment to the United States Constitution.  The argument is foreclosed by Commonwealth v. Ora, 451 Mass. 125, 130 (2008), where the court held that "[§] 16 [of G. L. c. 272] is within the Commonwealth's power to regulate conduct; it furthers the important State interest in preventing fright or intimidation from intentional lewd and lascivious conduct imposed on unsuspecting or unwilling persons, particularly children. . . . This governmental interest is unrelated to the suppression of free expression."

---

likely to affect the public."  Although the instructions did not explicitly advise the jury that the shock or alarm caused by the open and gross lewdness must be objectively reasonable (because the case was tried before that requirement was imposed in Maguire, 476 Mass. at 161), we are satisfied that the instructions as a whole were adequate, given the facts of this case. Certainly there was no substantial risk of a miscarriage of justice.

2.  Ineffective assistance of counsel.  The defendant also argues that his motion for a new trial should have been allowed because his trial counsel was ineffective for failing to request a jury instruction on assault and battery as a lesser included offense of indecent assault and battery.  In order to prevail on this claim, there must have "been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" that "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "We only disturb the denial of a motion for a new trial where there has been a 'significant error of law or other abuse of discretion.'" Commonwealth v. Hernandez, 481 Mass. 189, 195 (2019), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).  "Particular deference is to be paid to the rulings of a motion judge who served as the trial judge in the same case."  Commonwealth v. Scott, 467 Mass. 336, 344 (2014).

The victim testified at trial that the defendant grabbed and squeezed her buttocks when he approached her on her cigarette break.  Defense counsel's opening statement revealed his over-all theory of the case, which was that the defendant did not squeeze the victim's buttocks.  Counsel argued to the jury that, once the victim had pushed the defendant away, he did

not touch her.  He then continued to emphasize facts that supported that theory:  there was no surveillance video to corroborate the victim's testimony, and she did not immediately report the assault.

Indecent assault and battery on a person age fourteen or over is the "intentional, unprivileged, and indecent touching of the victim."  Commonwealth v. Kennedy, 478 Mass. 804, 810 (2018), quoting Commonwealth v. Marzilli, 457 Mass. 64, 67 (2010), overruled on other grounds by Commonwealth v. Brie, 473 Mass. 754 (2016).  "It has been held that the intentional, unjustified touching of private areas such as 'the breasts, abdomen, buttocks, thighs, and pubic area of a female' constitutes an indecent assault and battery."  Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991), quoting Commonwealth v. De La Cruz, 15 Mass. App. Ct. 52, 59 (1982).  The element of "indecency" is what differentiates assault and battery from indecent assault and battery, and here, the only relevant evidence came from the victim.  As a result, there was no evidence that the defendant touched the victim but not on the buttocks.[3]  Nor would it have been appropriate to instruct the

---

[3] Although trial counsel insisted at the hearing on the motion for a new trial that his failure to request the instruction was an oversight, he also conceded:  "[T]he language of the jury instruction . . . gives an example of an indecent assault and battery, that it involves touching portions of the anatomy commonly thought private, such as a person's buttocks.

jurors that, even if they credited the victim's testimony that the defendant had touched her on the buttocks, they were free to conclude that the touching was not indecent, even though she did not consent and found it offensive. Such an instruction would have invited the jurors to ignore the law. For that reason, there was no basis for an instruction on assault and battery. See Commonwealth v. Alcequiecz, 465 Mass. 557, 566 (2013), quoting Commonwealth v. Conceicao, 388 Mass. 255, 264 (1983). ("trial counsel was not ineffective for failing to make an argument that had a 'minimal chance of success'").

3. Findings of fact on motion for new trial. The defendant also argues that the trial judge erred in denying the defendant's motion for findings of fact after the evidentiary hearing on the issue whether trial counsel was ineffective for failing to request an instruction on assault and battery as a lesser included offense of indecent assault and battery. In denying the motion for new trial, the judge wrote that "[a]fter hearing and a full consideration of the arguments and written submissions of counsel, the Court denies the motion for the reasons set forth by the Commonwealth at the hearing on the motion." The motion judge was also the trial judge. See

---

So when she testified that the defendant had touched her on her buttocks, I felt that if the jury believed her testimony . . . I believed he would be convicted."

Commonwealth v. Sharpe, 454 Mass. 135, 147 (2009) ("We defer to a judge's credibility assessments, and we extend special deference to the action of a motion judge who also was the trial judge").

"The judge must make findings of fact necessary to resolve the defendant's allegations of error of law in a motion for a new trial.  See Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  A judge's failure to make findings required by rule 30 (b) is 'not fatal . . . where the ultimate conclusion is clearly evident from the record,' Commonwealth v. Lanoue, 392 Mass. 583, 586 n.2 (1984), or where we are satisfied that 'on review of the whole case manifest injustice would [not] result,' Commonwealth v. Preston, 393 Mass. 318, 322 n.4 (1984)." Commonwealth v. Torres, 469 Mass. 398, 403 (2014).  Here, we are, in fact, satisfied that trial counsel has not been shown to have been ineffective, for the reasons explained supra.  We also conclude that there was no error and certainly no substantial risk of a miscarriage of justice in the judge's failure to make written findings.  Cf. Torres, supra at 409 (substantial likelihood standard).

4.  Deficient jury instructions.  Last, we consider the defendant's challenge to the judge's instruction to the jury on the charge of indecent assault and battery.  There was no objection at trial; indeed, as the defendant concedes, the judge

read the instruction requested by defense counsel, which essentially tracked Instruction 6.500 of the Model Jury Instructions for Use in the District Court (2009).[4]  We therefore review to see if there was error and, if so, whether the error resulted in a substantial risk of miscarriage of justice.  Commonwealth v. Gichel, 48 Mass. App. Ct. 206, 208 (1999).  We conclude there was no error.

The defendant argues that this instruction "failed to convey the important moral underpinnings of the crime, and provided a hypothetical example that mirrored the accusation against the defendant."  In particular, the defendant contends

---

[4] The judge instructed the jury as follows:

"To prove the defendant guilty of [indecent assault and battery on a person age fourteen or over], the Commonwealth must prove four things beyond a reasonable doubt.

"First, that the alleged victim was at least 14 years of age at the time of the alleged offense.  Second, that the defendant committed an assault and battery on the alleged victim.  Assault and battery is essentially the intentional touching of another person without legal justification or excuse.  An unwanted touching.  Third, the Commonwealth must prove beyond a reasonable doubt that the assault and battery was indecent as the word is commonly understood, measured by common understanding and practices.

"An indecent act is one that is fundamentally offensive to contemporary standards of decency.  An assault and battery may be indecent if it involves touching portions of the anatomy commonly thought private, such as a person's genital area or buttocks or the breasts of a female.  And fourth, the Commonwealth must prove that the alleged victim did not consent."

that articulating specific body parts in the jury instruction could have been heard by the jury as a "preapproved selection of private parts," thus removing from the jury the responsibility to decide whether the touching violated contemporary moral values. For support, he relies on the definition of "indecent" in Webster's Third New International Dictionary 1147 (2002), and Commonwealth v. Lavigne, 42 Mass. App. Ct. 313, 314-315 (1997). It is difficult to understand how either of these assists him. Webster's, of course, is not binding precedent, and in Lavigne, where the issue was whether the defendant's touching of the victim's inner thigh was indecent, we cited approvingly an earlier, but similar, version of the model instruction, including specifically the following language: "an unjustified touching of another person is indecent 'if it involves touching portions of the anatomy commonly thought private, such as a person's genital area or buttocks, or . . . breasts.'" Lavigne, supra at 315, quoting Model Jury Instructions for Use in the District Court, Instruction 5.403 (1995).

The defendant's argument that there were no sexual overtones to the touching is simply belied by the evidence. The defendant approached the victim and twice asked for a hug or a kiss. When she refused, he squeezed her buttocks. Thereafter, he did not, as he asserts, "[leave] the premises and [drive] away." He insisted on buying her something, and after that, he

did move his car, but he then pulled down his pants repeatedly and danced around the parking lot exposing his naked buttocks. We see no error in the judge's decision to read to the jurors the model jury instruction requested by the defendant. Certainly, there is no risk of a miscarriage of justice.

Conclusion.  The judgments and the orders denying the motions for a new trial and for findings of fact are affirmed.

So ordered.