NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-54

COMMONWEALTH

vs.

SANDRA ST. JOHN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, the defendant was convicted of burglary, G. L. c. 266, § 14, mayhem, G. L. c. 265, § 14, and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A; and two counts of reckless endangerment of a child, G. L. c. 265, § 13L. On direct appeal, this court affirmed the defendant's convictions, Commonwealth v. St. John, 82 Mass. App. Ct. 1101 (2012), and the Supreme Judicial Court denied further appellate review, Commonwealth v. St. John, 463 Mass. 1104 (2012).

The defendant's convictions arose from an incident in October of 2007, when the victim was severely injured by an intruder who entered the victim's bedroom at night and poured

heated cooking oil over her body.[1]  The victim's two minor children were also in the bed at the time, and one of the children was also burned by the oil.  At trial, the victim identified the defendant as her assailant.[2]

Over nine years after her convictions were affirmed, and almost fourteen years after the underlying incident occurred, the defendant moved for a new trial.  The defendant now appeals from the denial of that motion, as well as from the denial of that motion without an evidentiary hearing.  We affirm.

Discussion.  We review the denial of a motion for new trial for a "significant error of law or other abuse of discretion," Commonwealth v. DiBenedetto, 458 Mass. 657, 664 (2011), and will only disturb the decision where it is "manifestly unjust or the trial was infected with prejudicial constitutional error." Commonwealth v. Imbert, 479 Mass. 575, 581 (2018), quoting Commonwealth v. Jenkins, 458 Mass. 791, 803 (2011).  "If the motion judge did not preside at trial, we defer only to the

_____

[1] There were three victims, an adult and her two minor children. For purposes of this decision, we will refer to the adult as the victim.

[2] The victim was treated in the burn unit at Massachusetts General Hospital, where she remained for two or three weeks. Thereafter, she spent a month at Spaulding Rehabilitation Hospital.  She underwent surgery three times.  She had skin grafted from her thighs to her chest, arm, and shoulder.  She underwent extensive physical therapy and had to learn how to walk and move her arm again.  Her face was badly burned and bruised.

2

judge's credibility determinations and 'regard ourselves in as good a position as the motion judge to assess the trial record.'"[3]  Commonwealth v. Weichell, 446 Mass. 785, 799 (2006), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

1.  Newly discovered evidence.  The defendant first claims that the judge abused his discretion by concluding that the evidence she sought to introduce as newly discovered, third-party culprit evidence was not admissible.  We disagree.

"A defendant seeking a new trial on the ground of newly discovered evidence bears the burden of demonstrating that (1) the evidence 'is in fact newly discovered'; (2) the newly discovered evidence is 'credible and material'; and (3) the newly discovered evidence 'casts real doubt on the justice of the conviction'" (citation omitted).  Commonwealth v. Pina, 481 Mass. 413, 435 (2019).  See Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 699 (2015).  The defendant also must show that the newly discovered evidence would be admissible at trial.  See Weichell, 446 Mass. at 799.  For purposes of this appeal, we will assume that the evidence "is in fact newly discovered" and is not hearsay.

"A defendant may introduce evidence that tends to show that another person committed the crime or had the motive, intent,

_____

[3] The trial judge had retired and the motion for new trial was heard by another Superior Court judge.

3

and opportunity to commit it." Commonwealth v. Silva-Santiago, 453 Mass. 782, 800 (2009), quoting Commonwealth v. Lawrence, 404 Mass. 378, 387 (1989). To be admitted, third-party culprit evidence must have substantial probative value -- that is, it must be relevant and must not be too remote or speculative. See Mass. G. Evid. § 1105 (2023).[4] "Merely introducing another possible suspect, without substantial admissible evidence that this person, and not the defendant, may have committed the crimes, does not warrant a new trial." Commonwealth v. Lopez, 433 Mass. 406, 416 (2001).

The first piece of evidence the defendant sought to admit was the victim's statement that was made for a paternity proceeding against one of her former partners (A.M.) in October of 2009. The victim stated in an affidavit that she had sexual intercourse with A.M. between December 2007 and April 2008. The defendant maintains that because A.M. was adjudicated the father of the victim's child, who was born in September 2009, the dates provided by the victim must be inaccurate. The defendant claims that it was therefore reasonable to conclude that the victim and A.M were sexually intimate in October 2007, when the assault

---

[4] Despite quoting the entirety of Mass. G. Evid. § 1105, which sets forth this rule, the defendant erroneously argues in her brief that relevance is the only requirement when the evidence is not hearsay.

4

took place, and that this tends to show that he was the perpetrator.

Although the dates given by the victim at the paternity proceeding may have been inaccurate, the victim's statement was made over two years after the date of the assault and it would be simply speculative to infer from it that A.M. committed the crimes, let alone that he was sexually intimate with the victim in October of 2007. In that light, the statement was not relevant and thus inadmissible.

For similar reasons, we reject the defendant's claim that the victim's statements contained in a police report concerning an alleged burglary and arson A.M. committed, and those made in an affidavit to obtain an abuse order, should have been admitted as third-party culprit evidence. These statements were made, and the alleged crimes occurred, in June of 2009, which renders them too remote. It would also be mere conjecture to conclude from these statements that A.M. was the perpetrator because there are distinguishing features rendering the two crimes not "so closely connected in point of time and method of operation as to cast doubt upon the identification of defendant as the person who committed the crime." Commonwealth v. Rosa, 422 Mass. 18, 23 (1996), quoting Commonwealth v. Keizer, 377 Mass. 264, 267 (1979). See Commonwealth v. Harris, 395 Mass. 296,

300-301 (1985).[5]  Moreover, nothing within the police report or the affidavit itself tends to cast real doubt on the justice of the defendant's convictions.

In addition to A.M., the defendant raised another possible suspect, who is also one of the victim's former partners (V.C.). In support, she sought to introduce statements by three different women in abuse prevention cases against V.C. between 2012 and 2018, as well as the fact that his aunt and grandmother lived only one tenth of a mile away from the victim's apartment during the time in which the prior bad acts attributed to the defendant were committed.  However, these statements were all made between five and eleven years after the assault.  Without more, the incidents described in these statements, and the mere fact that V.C. had family living near the victim's apartment, do not have substantial probative value.  Accordingly, this evidence was also not relevant and far too remote and speculative to be admissible.

---

[5] The defendant claims that the judge erred by requiring that the burglary and arson incident be closely connected in point of time and method of operation.  However, this misreads the judge's decision.  The judge concluded that the proffered third-party culprit evidence was too remote, too speculative, and not relevant -- and therefore inadmissible -- because the timing of and differences between the two crimes' methods of operation distinguished them such that they do not cast doubt on the justice of the defendant's conviction.

Even considering all the evidence that the defendant sought to admit, in addition to the graffiti on the victim's kitchen wall,[6] the fact that these third parties declined to be interviewed for purposes of this case, and the defendant's relationship with another man at the time of the assault, the defendant has not met her burden of establishing admissibility.

2. Ineffective assistance of counsel. The defendant also claims that her trial counsel was ineffective for several reasons, and that counsel on her direct appeal (first appellate counsel) was also ineffective for failing to argue ineffective assistance of trial counsel. We disagree.

To prevail on an ineffective assistance of counsel claim, there must have "been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" that "likely deprived the defendant of an otherwise available, substantial ground of [defense]." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable'

---

[6] We note that one of the officers who investigated the victim's apartment the night the assault occurred testified that he did not see the graffiti on the wall, which states "I dont want U any way [sic]," and that the victim did not see it until approximately two months after the assault.

7

when made."  Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006),

quoting Commonwealth v. Adams, 374 Mass. 722, 728 (1978).

The defendant first claims that trial counsel was

ineffective for utilizing a mistaken identification theory by

attacking the reliability of the victim's identification, rather

than pursuing a theory of intentional misidentification by

attacking the victim's credibility.[7]  As the judge determined,

the record provided little support for an attack on the victim's

credibility.  Counsel's choice to instead focus on the

reliability of the victim's identification, which was based on

momentary glimpses of the defendant in a dark room, coupled with

the fact that the victim was awakened from a sound sleep, was,

as the judge found, the better strategy and was most certainly

not "manifestly unreasonable."[8]  Adams, 374 Mass. at 728.

---

[7] The defendant also claims that the judge erred in finding that
the victim's identifications of the defendant as her assailant
were "generally consistent."  The record reveals that the
victim's identifications were based on hearing the assailant's
laugh as she ran away after pouring hot cooking oil on the
victim, and the victim was familiar with the defendant based on
their prior encounters.  The police report states that the
victim told police that she didn't get a good look at her
assailant, and she later testified at the bind-over hearing that
she told police that she only saw a shadow of a person.  The
judge did not err in finding that these identifications were
"generally consistent," where they both indicate that the victim
did not identify the defendant by getting a "good look" at her.

[8] In fact, at oral argument before the panel in this appeal, the
defendant's appellate counsel also maintained that the victim's
identification of the defendant was weak.

8

The defendant next claims that trial counsel was ineffective for failing to advance any competing theory of who may have committed the crimes, failing to investigate the victim's other relationships, and failing to cast suspicion on the fathers of the victim's children. These arguments are largely based on trial counsel's failure to rely on the evidence discussed above, which would not have been admissible as third-party culprit evidence. Accordingly, trial counsel was not ineffective for these alleged failures.[9]

In addition, trial counsel was not ineffective for failing to proffer a "jilted boyfriend" theory based on the victim's testimony that she just begun a new romantic relationship and the graffiti on the wall.[10] Moreover, it was not "manifestly unreasonable" for trial counsel to not advance a competing theory of who committed the crime, especially where trial

---

[9] Additionally, as the judge noted, the evidence against V.C. was not even available at the time of trial because the alleged abuse occurred years later, and no evidence of abuse by V.C. predating the trial was produced.

[10] The defendant also claims that the judge erred by failing to make written findings regarding evidence she believes indicates that the perpetrator was a "jilted boyfriend," as opposed to her. The defendant points to evidence of the victim's previous romantic relationship, her then current romantic relationship, and the graffiti. As trial counsel was not ineffective for failing to use this evidence, which, again, would not have been admissible, "there was no error and certainly no substantial risk of a miscarriage of justice in the judge's failure to make written findings." Commonwealth v. Melo, 95 Mass. App. Ct. 257, 263 (2019).

9

counsel did argue that the defendant did not commit the crimes. Adams, 374 Mass. at 728.

Additionally, trial counsel was not ineffective for failing to argue that because the victim's door was fitted with a double-cylinder deadbolt lock that requires a key to unlock, even from the inside, the defendant could not have been the perpetrator. In fact, as the judge concluded, although the victim's testimony was not a model of clarity, she did testify to the effect that she did not lock the deadbolt, and the photograph of the victim's door did not put in dispute her testimony. Moreover, the attendant circumstances support the judge's conclusion where the victim identified the defendant as the person who entered the apartment and harmed her. Thus, trial counsel was not ineffective for failing to argue this point, and for the same reasons, the judge's finding on this point was not erroneous.

Because we conclude that trial counsel was not ineffective for the above stated reasons, we must also conclude that the defendant's first appellate counsel was not ineffective for failing to argue ineffective assistance of trial counsel for the same reasons.[11]

---

[11] The defendant also argued below, and at oral argument, that trial counsel was ineffective for waiving an alibi defense. However, we need not consider this issue because it was not raised in her brief. See Mass. R. A. P. 16 (a) (9) (A), as

10

3.  Denial of evidentiary hearing.  Finally, the defendant claims that the judge abused his discretion in denying her motion for new trial without conducting an evidentiary hearing. We disagree.

"The decision to hold an evidentiary hearing on a motion for a new trial is 'left largely to the sound discretion of the judge.'"  Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015), quoting Commonwealth v. Stewart, 383 Mass. 253, 257 (1981). "The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits."  Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001).  "Indeed, the rule encourages the denial of a motion for a new trial on the papers, without hearing, where no substantial issue is raised." Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 394 (2012). Because the defendant failed to raise a substantial issue, there

_____

appearing in 481 Mass. 1628 (2019).  In any event, as the judge determined, trial counsel could not be faulted for abandoning the alibi defense after obtaining employment records that called into question the viability of that defense.  Furthermore, we discern no abuse of discretion in the judge's failure to address the claim that first appellate counsel was ineffective by failing to brief the issue of identity, "the only live issue at trial."  Similar to the presentation here, the issue was raised only in passing and in a conclusory fashion.  See Adams v. Adams, 459 Mass. 361, 392 (2011) ("abbreviated and conclusory claim does not rise to the level of an appellate argument").

11

was no abuse of discretion in denying the defendant's motion for new trial without an evidentiary hearing.

> Order denying motion for new trial affirmed.
>
> By the Court (Vuono, Meade & Walsh, JJ.[12]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  November 16, 2023.

---

[12] The panelists are listed in order of seniority.