NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-41

COMMONWEALTH

vs.

KAYANN D. ATKINSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a Boston Municipal Court judge's denial of his motion to withdraw an admission to sufficient facts, the defendant appeals seeking a remand on the basis that the decision was unsupported by findings of fact or legal rationale. We vacate and remand.

Background. In August 2002, the twenty-one year old defendant was charged with engaging in sexual conduct for a fee in violation of G. L. c. 272, § 53A. The following month, in September 2002, the defendant admitted to sufficient facts and the case was continued without a finding for three months, after which the charge was dismissed. More than twenty years later, in February 2024, the defendant was detained by Immigration

Customs Enforcement and placed into deportation proceedings due to two convictions involving moral turpitude, one of which was the dismissed charge of engaging in sexual conduct for a fee.

In March 2024, the defendant moved to withdraw his admission.  The motion was supported by affidavits of the defendant and of his postconviction counsel.  According to the defendant's affidavit, he was a lawful permanent resident at the time of his plea, but his plea counsel (since deceased) did not inquire into his immigration status and therefore did not inform him of the immigration consequences of his plea.  And although the judge gave him his alien warnings pursuant to G. L. c. 278, § 29D, the warnings did not advise the defendant that an admission to sufficient facts would be considered a conviction for purposes of immigration and therefore subject him to deportation.

The defendant averred that he was born in Jamaica and admitted to the United States at the age of eleven as a lawful permanent resident to join his mother and other relatives who had earlier immigrated.  He stated that he no longer had any ties to Jamaica and would face violence and persecution if deported there.  Had he known that deportation was a potential consequence of his admission, the defendant asserted, he would have gone to trial or explored another resolution of the case.

After a nonevidentiary hearing,[1] a judge denied the motion with a margin endorsement:  "After hearing and review, the motion is denied."

Discussion.  On appeal, the defendant argues that his motion should be remanded to the motion judge because the one sentence ruling failed to provide a factual or legal basis for its denial.

A motion to withdraw an admission to sufficient facts is properly brought under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  See Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992).  Under rule 30 (b), the judge hearing the motion "shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law."  Mass. R. Crim. P. 30 (b).  A judge's failure to make findings is not fatal, however, if the ultimate conclusion is evident from the record or where we are satisfied on the whole record that manifest injustice will not result.  See Commonwealth v. Melo, 95 Mass. App. Ct. 257, 263 (2019).  We review for a significant error of law or other abuse of discretion.  See Commonwealth v. Scott, 467 Mass. 336, 344 (2014).

---

[1] The defendant was in federal custody out of State at the time of the hearing.  Postconviction counsel had made attempts to secure the defendant's presence but was informed that it was "impossible."

Here, the defendant moved to withdraw his admission on two separate grounds.

1. _Unintelligent plea_. The first ground was that his plea was not intelligent because the defendant was misled by the judge's alien warnings, which spoke to immigration consequences of a conviction but not a continuance without a finding. A plea is intelligent if it is tendered with knowledge of the elements of the charges and the procedural protections waived by entry of the plea. See Scott, 467 Mass. at 345. There is no claim on appeal that the defendant did not know the elements of the crime or the procedural protections he was waiving.

Rather, the defendant's claim is that the judge's statutorily correct alien warnings misled him into believing that immigration consequences only followed a conviction and not a continuance without a finding. Generally, the absence of advice as to collateral consequences of a plea does not render a plea unintelligent. See Commonwealth v. Taron T., 104 Mass. App. Ct. 219, 231-232 (2024). The defendant contends that Padilla v. Kentucky, 559 U.S. 356, 366 (2010), held that immigration consequences are not collateral. To the extent that the Padilla collateral consequences analysis, based on the Sixth Amendment right to counsel, can be imported to the due process context, it is "indisputable that Padilla did not alter the

4

general rule that lack of knowledge about the consequences of a guilty plea renders such a plea invalid as unknowing or involuntary only when those consequences are direct." Taron T., 104 Mass. App. Ct. at 232. Here, however, we do not have any findings as to whether the immigration consequences flowed directly from the plea. Without findings of fact or a rationale supporting the ruling, we are hindered in our ability to properly review the defendant's claims on appeal. See Scott, 467 Mass. at 358.

2. Ineffective assistance. The defendant's second ground to withdraw his plea -- ineffective assistance of counsel -- required him to establish that his attorney's performance fell "measurably below that which might be expected from an ordinary fallible lawyer," and that he suffered prejudice because of his attorney's unprofessional errors. Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). As to deficient performance, the defendant alleged that his counsel never inquired into his immigration status and never advised him that the offense he was admitting to constituted a crime of moral turpitude; that the plea could be a reason to deny him citizenship, to exclude him from the United States, or to deport him; that he could lose his status as a lawful permanent resident; and that he would be ineligible

5

for asylum or other types of relief in the future.  With respect to prejudice, the defendant alleged that, had he known that there were immigration consequences to his plea, he would have explored alternatives or gone to trial, but he would not have entered into the plea due to the importance to him of remaining in the United States.

Facially, the defendant's affidavit made out a claim for ineffective assistance of counsel.  The failure to make reasonable inquiry into a defendant's immigration status may be sufficient to constitute deficient performance.  See Lavrinenko, 473 Mass. at 51-52, citing Commonwealth v. Clarke, 460 Mass. 30, 45-46 (2011).  Likewise, prejudice may be established by a showing that, in the totality of the circumstances, there is a reasonable probability that, but for counsel's errors, the defendant would have rejected the plea.  See Lavrinenko, supra at 55.  Special circumstances showing the defendant placed particular importance on remaining within the United States support the conclusion that the defendant would have rejected the plea.  Id.

The defendant's ineffective assistance of counsel claim, however, is largely based on his own affidavit.  Although a judge may reject even an uncontradicted affidavit, see Commonwealth v. McWilliams, 473 Mass. 606, 621 (2016), it must

be based on reasons pertinent to credibility.  See Commonwealth
v. Torres, 469 Mass. 398, 403 (2014) (judge not required to
credit affidavit supporting motion for new trial, and may
evaluate "in light of factors pertinent to credibility,
including bias, self-interest, and delay").  Again, the absence
of findings and rulings hinders our ability to properly review
the defendant's claims on appeal.  See Scott, 467 Mass. at 358
(reminding judges of importance of findings and rulings on
motions for new trial for purpose of appellate review).

We therefore vacate the order denying the defendant's
motion to withdraw his admission to sufficient facts and remand
the case for further proceedings consistent with this memorandum
and order.

So ordered.

By the Court (Rubin, J., Shin
  & Singh, JJ.[2]),

Clerk

Entered:  April 15, 2026.

---

[2] The panelists are listed in order of seniority.