Commonwealth *vs.* Ria Ora.

Middlesex. March 3, 2008. - April 10, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Open and Gross Lewdness and Lascivious Behavior. Constitutional Law,*
Freedom of speech and press. *Statute,* Validity.

This court concluded that G. L. c. 272, § 16, which prohibits open and gross
lewdness, was not facially unconstitutional on the ground that it was a
blanket prohibition against public nudity and thus proscribed expressive
conduct protected by the First Amendment to the United States Constitu-
tion and art. 16 of the Massachusetts Declaration of Rights, where decisional
law had narrowed the application of the statute so that it could not be
constitutionally applied to public displays of lewdness and nudity unless
they were imposed on an unsuspecting or unwilling audience, and so that
conviction under the statute required the display of nudity to be intentional,
to be done in a manner to produce alarm or shock, and actually to produce
alarm or shock. [126-130]

Complaint received and sworn to in the Cambridge Division
of the District Court Department on June 27, 2005.

A motion to dismiss was heard by *Severlin B. Singleton, III,*
J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Bethany Stevens,* Assistant District Attorney, for the Com-
monwealth.

*Daniel Beck* for the defendant.

Cowin, J. The defendant, Ria Ora, was arrested and charged
with open and gross lewdness in violation of G. L. c. 272, § 16,
for dancing nude at an "anti-Christmas" protest in the kiosk area
of Harvard Square, Cambridge.[1] A judge in the District Court
allowed the defendant's motion to dismiss the complaint against
her, concluding that G. L. c. 272, § 16, is facially unconstitu-

[1]The annual protest takes place on June 25, and protests against the com-
mercialization of Christmas.

tional because it is "[a] blanket prohibition against public nudity," and thus proscribes expressive conduct protected by the First Amendment to the United States Constitution and art. 16 of the Massachusetts Declaration of Rights.[2,3] The Commonwealth appealed, and we transferred the case from the Appeals Court on our own motion.

We conclude that the judge erred in ruling that the statute is facially unconstitutional. Our decisional law has narrowed the application of G. L. c. 272, § 16, so that it does not impermissibly prohibit protected expressive conduct. We have held that the statute cannot be constitutionally applied to public displays of lewdness and nudity unless they are imposed upon an unsuspecting or unwilling audience, *Revere* v. *Aucella*, 369 Mass. 138, 142-143 (1975), appeal dismissed sub nom. *Charger Invs., Inc.* v. *Corbett*, 429 U.S. 877 (1976), and that conviction under the statute requires the display of nudity to be intentional, done in a manner to produce alarm or shock, and actually producing alarm or shock, *Commonwealth* v. *Kessler*, 442 Mass. 770, 773 n.4 (2004). These restrictions both limit the reach of the statute to conduct that the State is permitted to prohibit and minimize infringement of expressive conduct. Accordingly, we reverse the dismissal of the complaint.

General Laws c. 272, § 16, provides, "A man or woman, married or unmarried, who is guilty of open and gross lewdness and lascivious behavior, shall be punished by imprisonment in the [S]tate prison for not more than three years or in jail for not more than two years or by a fine of not more than three hundred dollars." The statute, enacted in 1784, has remained essentially unchanged for more than 200 years. *Commonwealth* v. *Quinn*, 439 Mass. 492, 495 (2003). However, it has been substantially limited by judicial construction.

---

[2]The First Amendment to the United States Constitution provides, in pertinent part, "Congress shall make no law . . . abridging the freedom of speech." Article 16 of the Massachusetts Declaration of Rights declares, "[t]he right of free speech shall not be abridged."

[3]Nude dancing is expressive behavior that has been afforded some protection by the Federal Constitution, *Barnes* v. *Glen Theatre, Inc.*, 501 U.S. 560, 566 (1991) (nude dancing is "expressive conduct within the outer perimeters of the First Amendment, though . . . only marginally so"), and greater protection by the Massachusetts Declaration of Rights, *Mendoza* v. *Licensing Bd. of Fall River*, 444 Mass. 188, 200-201 (2005).

We have held that the statute cannot constitutionally be applied where there is no "imposition of lewdness or nudity on an unsuspecting or unwilling person." *Revere* v. *Aucella, supra.* In the *Aucella* decision, we determined that G. L. c. 272, § 16, would be impermissibly overbroad if it could be used to prosecute nude "go-go" dancing in a bar before willing patrons. *Id.* We observed that the statute had been held unconstitutional as applied to a theatrical production containing nudity, *P.B.I.C., Inc.* v. *Byrne,* 313 F. Supp. 757, 759, 761 (D. Mass. 1970),[4] and that we had sanctioned an injunction against the prosecution of entertainers for that performance, *P.B.I.C., Inc.* v. *District Attorney of Suffolk County,* 357 Mass. 770 (1970). *Revere* v. *Aucella, supra* at 143.

We have also established the elements the prosecution must prove beyond a reasonable doubt in order to obtain a conviction pursuant to the statute. The prosecution must show that (1) the defendant exposed his or her genitals, buttocks, or breasts to one or more persons; (2) the defendant did so intentionally; (3) the defendant did so "openly," that is, either the defendant intended public exposure or recklessly disregarded a substantial risk of public exposure to others who might be offended by such conduct; (4) the defendant's act was done in such a way as to produce alarm or shock; and (5) one or more persons were in fact alarmed or shocked by the defendant's exposure. *Commonwealth* v. *Kessler, supra.* We emphasized that the alarm and shock caused must be a "serious negative emotional experience," stronger than mere "nervousness and offense." *Id.* at 774-775. Open and gross lewdness is a felony punishable by up to three years in a State prison. *Id.* at 774. It is thus a much more serious offense than the misdemeanor of indecent exposure, G. L. c. 272, § 53, and consequently requires a substantially more serious and negative impact as a result of the behavior. *Id.* at 774-775.

---

[4]While the judgment in *P.B.I.C., Inc.* v. *Byrne,* 313 F. Supp. 757, 759, 761 (D. Mass. 1970) was vacated twice by the United States Supreme Court, *Byrne* v. *P.B.I.C., Inc.,* 401 U.S. 987 (1971) (vacated and remanded to Federal District Court to consider mootness), and *Byrne* v. *P.B.I.C., Inc.,* 413 U.S. 905 (1973) (vacated for further consideration in light of subsequent case law), the holding in the *Byrne* case that we effectively adopted in *Revere* v. *Aucella,* 369 Mass. 138, 142-143 (1975), appeal dismissed sub nom. *Charger Invs., Inc.* v. *Corbett,* 429 U.S. 877 (1976), remains valid.

Throughout this process of judicial construction, we have clarified the central purpose of G. L. c. 272, § 16, as one of preventing fright and intimidation, particularly regarding children. See, e.g., *Commonwealth* v. *Fitta*, 391 Mass. 394, 396 (1984), quoting *Commonwealth* v. *Sefranka*, 382 Mass. 108, 116 (1980) ("[t]he 'open and gross lewdness' provision has been said to be 'closely similar' to the offense of indecent exposure . . . and has been applied primarily to indecent exposure in front of, and sexual conduct with, children").

The judicial construction given to G. L. c. 272, § 16, renders it far from a "blanket prohibition against public nudity," without exception for expressive conduct. Our decision in the *Aucella* case, in particular, prohibited application of the statute where lewdness or nudity took place before a willing audience. *Revere* v. *Aucella, supra* at 142-143. The question before us today is one that the *Aucella* case explicitly left open: whether G. L. c. 272, § 16, is constitutionally overbroad if it prohibits "the imposition of lewdness or nudity on an unsuspecting or unwilling person." *Revere* v. *Aucella, supra* at 143. The Commonwealth maintains that the *Aucella* decision's limitation of § 16, in addition to case law proscribing conviction pursuant to the statute unless the public nudity was done in a manner to produce alarm or shock, and actually does so, *Commonwealth* v. *Kessler, supra* at 773-775, renders the statute facially constitutional. We agree.

A statute may be overbroad, and thus unconstitutional, if "in its reach it prohibits constitutionally protected conduct." *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 715 (1990), quoting *Grayned* v. *Rockford*, 408 U.S. 104, 114 (1972). The overbreadth doctrine recognizes that, while the government may legitimately prohibit certain conduct, it has a responsibility to draw those prohibitions narrowly and precisely, lest protected expressive activity be unduly suppressed. See, e.g., *Broadrick* v. *Oklahoma*, 413 U.S. 601, 611-612 (1973). Given the vulnerability of expressive activity to suppression by overbroad laws, a party raising an overbreadth claim is excepted from traditional standing rules. The party's own exercise of expression need not have been prohibited, "because of a judicial prediction or assumption that the statute's very existence may cause others

not before the court to refrain from constitutionally protected speech or expression." *Id.*

Facial invalidation is inappropriate where a statute is readily subject to a narrowing construction (as we already have done concerning G. L. c. 272, § 16), so that it only marginally deters the exercise of the right of free expression, while "the remainder of the statute . . . covers a whole range of easily identifiable and constitutionally proscribable . . . conduct." *Parker* v. *Levy,* 417 U.S. 733, 760 (1974), quoting *United States Civil Serv. Comm'n* v. *National Ass'n of Letter Carriers,* 413 U.S. 548, 580-581 (1973). See *Commonwealth* v. *Templeman,* 376 Mass. 533, 537 (1978). In other words, expressive conduct can be narrowly regulated or forbidden in pursuit of an important or substantial governmental interest that is unrelated to the content of the expression. See *R.A.V.* v. *St. Paul,* 505 U.S. 377, 382, 385-386 (1992) (statute regulating conduct based on content unconstitutional; State may regulate expressive conduct, provided regulation is directed at conduct itself, not its expressive content).[5] Such "content neutral" restrictions on expressive behavior are evaluated for constitutionality under the test enunciated in *United States* v. *O'Brien,* 391 U.S. 367, 377 (1968), which has four factors: 1) the regulation must be within the constitutional power of the government to enact; 2) the regulation must further an important or substantial government interest; 3) the government interest must be unrelated to the suppression of free expression; and 4) the restriction must be no greater than is essential to the furtherance of the government interest. See *Mendoza* v. *Licensing Bd. of Fall River,* 444 Mass. 188, 197 (2005).

We apply the *O'Brien* test to G. L. c. 272, § 16, as limited by judicial construction, and determine that the statute is a legitimate content neutral restriction on expressive activity. The State has power to "enact rules to regulate conduct, to the extent that such laws are 'necessary to secure the health, safety, good order, comfort, or general welfare of the community.' "

---

[5]In *R.A.V.* v. *St. Paul,* 505 U.S. 377, 385 (1992), the Court stated: "[t]he proposition that a particular instance of speech can be proscribable on the basis of one feature (e.g., obscenity) but not on the basis of another (e.g., opposition to the city government) is commonplace and has found application in many contexts."

*Goodridge* v. *Department of Pub. Health*, 440 Mass. 309, 322 (2003), quoting *Opinion of the Justices*, 341 Mass. 760, 785 (1960). Section 16 is within the Commonwealth's power to regulate conduct; it furthers the important State interest in preventing fright or intimidation from intentional lewd and lascivious conduct imposed on unsuspecting or unwilling persons, particularly children. See discussion, *supra.* See also, e.g., *Commonwealth* v. *Wardell*, 128 Mass. 52, 53 (1880) (holding defendant's indictment on charge of open and gross lewdness and lascivious behavior was supported by proof that man intentionally and indecently exposed his person to eleven year old girl, who fled in fright).

This governmental interest is unrelated to the suppression of free expression. Neither the language of the statute nor its legislative history suggests that the statute targets any expressive message contained in any display of nudity. Furthermore, judicial construction, as discussed above, has limited the statute's application to be no greater than is essential to the furtherance of the important government interest in lewd or lascivious conduct.

The order allowing the defendant's motion to dismiss is vacated, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*