NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12013


COMMONWEALTH  vs.  LAWRENCE F. MAGUIRE.



Suffolk.     September 8, 2016. - January 3, 2017.

Present:  Gants, C.J., Botsford, Lenk, Hines, Gaziano, Lowy, &
Budd, JJ.


Open and Gross Lewdness and Lascivious Behavior.  Practice,
    Criminal, Required finding.



Complaint received and sworn to in the Roxbury Division of
the Boston Municipal Court Department on October 15, 2010.

The case was tried before David B. Poole, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


Bradford R. Stanton for the defendant.
Matthew T. Sears, Assistant District Attorney (Ashley E.
Polin, Assistant District Attorney, with him) for the
Commonwealth.


HINES, J.  After a jury trial, the defendant, Lawrence F.

Maguire, was convicted in the Boston Municipal Court of open and

gross lewdness and lascivious behavior in violation of G. L.

c. 272, § 16, and resisting arrest in violation of G. L. c. 268,

§ 32B.  The Appeals Court affirmed the convictions in a divided decision.  See Commonwealth v. Maguire, 87 Mass. App. Ct. 855 (2015).  We granted the defendant's application for further appellate review.  After the case was entered in this court, the defendant requested and received leave to file a new brief.  See Mass. R. A. P. 27.1 (f), as amended, 441 Mass. 1601 (2004).  We consider the brief "in lieu of the Appeals Court brief."  Id. See Beal Bank, SSB v. Eurich, 448 Mass. 9, 12 (2006).  The brief filed in this court makes no argument bearing on the conviction of resisting arrest, and we do not, therefore, address the merits of that conviction.  See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).  See also Commonwealth v. Walsh, 407 Mass. 740, 745 (1990).  We affirm the conviction of resisting arrest.  We reverse the conviction of open and gross lewdness and lascivious behavior because there was insufficient evidence that the defendant's conduct caused any person to experience "shock" or "alarm," as the statute requires.  We remand for entry of a conviction of the lesser included offense of indecent exposure.  We also clarify that the "shock" or "alarm" requirement has both a subjective and an objective component.

Facts.  We summarize the facts in the light most favorable to the Commonwealth, focusing on those relevant to the defendant's claim of insufficiency of the evidence of open and

gross lewdness and lascivious behavior.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

On October 14, 2010, Detective Sean Conway of the Massachusetts Bay Transportation Authority (MBTA) transit police department observed the defendant on an MBTA train traveling toward the Park Street station.  At Park Street, the defendant transferred to another train, and sat across from a college-aged woman.  Detective Conway transferred onto the same train.  From a distance of approximately eight to ten feet, the detective observed the defendant rub his penis over his pants for thirty seconds to one minute.  When the defendant departed the train at the Hynes Convention Center station, Detective Conway continued to follow him.

There were between fifteen and twenty-five people on the Hynes Convention Center station platform at that time.  From a distance of about thirty feet behind the defendant, while on the same side of the train tracks, Detective Conway saw the defendant lean against a pillar with his left shoulder, with his hands in front of him, facing a bench five or six feet away.  Two or three females were sitting on the bench.  The defendant jerked his head up and down as if he were trying to attract the females' attention and he began to manipulate his hands in front of him, "consistent with someone who's about to urinate."  No

urine was observed on the ground. Detective Conway demonstrated the defendant's movements to the jury.

Detective Conway ascended a flight of stairs, crossed over a landing, and went down another flight of stairs to a different area of the same platform, so that he could see more clearly what the defendant was doing. As he descended the stairs, the detective observed the defendant still facing the women seated on the bench. He saw the defendant's exposed penis for one or two seconds. Detective Conway testified that he was "disgusted" and "concerned" that the women on the bench were being "victimized" by the defendant's behavior. Almost simultaneously, the detective made eye contact with the defendant, and the defendant tried to zip his pants and run away. Detective Conway attempted to speak with the women on the bench but was unable to communicate with them, for reasons not apparent on the record. The detective then pursued the defendant, who eventually was arrested.

Discussion. The statute criminalizing "open and gross lewdness and lascivious behavior," G. L. c. 272, § 16, has remained essentially unchanged for more than 200 years. See Commonwealth v. Quinn, 439 Mass. 492, 495 & n.7 (2003), citing St. 1784, c. 40, § 3. The elements of the crime, however, have evolved through our decisional law. See Commonwealth v. Gray,

40 Mass. App. Ct. 901, 901 (1996), citing Commonwealth v. Fitta, 391 Mass. 394, 395-397 (1984).  We recognize that

> "proof of five elements [is required] to support a conviction, i.e., that the defendant (1) exposed genitals, breasts, or buttocks; (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so 'as to produce alarm or shock'; (5) thereby actually shocking or alarming one or more persons."

Commonwealth v. Swan, 73 Mass. App. Ct. 258, 260-261 (2008), quoting Commonwealth v. Kessler, 442 Mass. 770, 773 & n.4 (2004).  See Commonwealth v. Ora, 451 Mass. 125, 127 (2008).  It is established that proof of the fourth and fifth elements -- both of which require "shock" or "alarm" -- is what distinguishes "open and gross lewdness and lascivious behavior," which is a felony, from the "closely similar" misdemeanor of indecent exposure under G. L. c. 272, § 53.  See Fitta, supra at 396, quoting Commonwealth v. Sefranka, 382 Mass. 108, 116 (1980).  In this case, the fifth distinguishing element is absent:  there was insufficient evidence that the police detective himself was "in fact" subjectively alarmed or shocked by the defendant's conduct.  See Commonwealth v. Botev, 79 Mass. App. Ct. 281, 287 (2011).  On the view we take of the evidence, we therefore need not address the objective reasonableness of the detective's subjective reaction, which is the focus of the fourth element.  In future cases, however, it will be incumbent on the Commonwealth to demonstrate not only subjective "shock"

or "alarm" on the part of a victim, but also that the victim's reaction was objectively reasonable.

a. Subjective component of "shock" or "alarm". The fifth element of proof requires the Commonwealth to demonstrate that at least one person "in fact" was "alarmed or shocked" by the defendant's exposure. See Botev, 79 Mass. App. Ct. at 287-288 (requirement that "one or more persons in fact be shocked or alarmed . . . has remained unchanged since 1880"). This requires evidence of strong negative emotions -- a subjective inquiry -- most commonly corroborated by an immediate physical response. See, e.g., Swan, 73 Mass. App. Ct. at 261 (where young student was "grossed out" and made "nervous" by exposure, and rushed from room, alarm sufficiently established); Commonwealth v. Guy G., 53 Mass. App. Ct. 271, 273-274 (2001) (evidence sufficient where student testified to being in shock, upset, angry, and sad; that she left after defendant's exposure; and that her failure to report instantly "was due . . . to her being 'too in shock'"); Commonwealth v. Poillucci, 46 Mass. App. Ct. 300, 303-304 (1999) (evidence sufficient where girl alerted her parents to defendant's conduct and testified that she felt "very uncomfortable and nervous"); Gray, 40 Mass. App. Ct. at 901 (jury could find alarm where witness testified that he was "'disgust[ed]' by what he saw," and "acted swiftly and purposefully to stop and identify the perpetrators for the

police").  Contrast Kessler, 442 Mass. at 772-775 (where boys reacted to viewing masturbation with nervous giggling, and continued to watch, insufficient evidence of shock or alarm); Commonwealth v. Militello, 66 Mass. App. Ct. 325, 333-334 (2006) (where "boys did not experience a reaction so intense that they immediately sought to notify someone of the defendant's behavior," evidence insufficient to establish "serious negative emotional experience" [citation omitted]).

In this case, the detective was the only eyewitness who testified to the defendant's conduct.  There was no evidence that the women seated on the bench or any other person noticed the defendant or his actions.  The detective's testimony was that he was "disgusted" after viewing the defendant's exposed penis, not for himself, but rather out of "concern" for the women seated on the bench.  While we do not discount the sincerity of the detective's concern, there is nothing to suggest that the women themselves experienced any strong negative emotion, such as fright or intimidation.  See Ora, 451 Mass. at 128 ("central purpose of G. L. c. 272, § 16, [is] one of preventing fright and intimidation, particularly regarding children").  Indeed, the women remained seated while the detective traversed the station platform and stairs, and while the defendant's penis was exposed.

With respect to the detective, we agree with the dissenting judge of the Appeals Court, who described the detective's use of the term "'disgusted' to mean something analogous to 'offensive' under the indecent exposure statute. See Commonwealth v. Cahill, 446 Mass. 778, 781 (2006) ('Offensive acts are those that [are] . . . repugnant to the prevailing sense of what is decent or moral')." Maguire, 87 Mass. App. Ct. at 862 (Milkey, J., concurring in part and dissenting in part). To be sure, special words neither prove nor disprove shock or alarm. See Commonwealth v. Pereira, 82 Mass. App. Ct. 344, 347 (2012). What is required, however, is evidence that a witness personally sustained the type of "serious negative emotional experience" that is stronger that "mere nervousness and offense." Ora, 451 Mass. at 127, quoting Kessler, 442 Mass. at 774-775. Vicarious concern for other people or even disgust does not "convert any ordinary indecent exposure case into one for open and gross lewdness." Maguire, 87 Mass. App. Ct. at 863 (Milkey, J., concurring in part and dissenting in part). Someone must be personally and "in fact" "shocked or alarmed" by the conduct; it is not sufficient that someone merely might be. See Pereira, supra at 346.[1]

---

[1] In the Pereira case, a police officer viewed a public sex act (masturbation) and testified that he was "personally, angry" in addition to being "disgusted." Pereira, 82 Mass. App. Ct. at 345. Although the Appeals Court concluded that the evidence was

In this case, the detective observed an exposed penis and testified that he was "disgusted" and concerned for others. Compare id. at 345. Nothing about his testimony or his actions, however, would have permitted a rational jury to find that he (or anyone else) personally experienced shock or alarm. Cf. Commonwealth v. Mulvey, 57 Mass. App. Ct. 579, 584 (2003) ("behavior that has an impact only upon members of the police force is significantly different from that affecting other citizens," for purposes of disorderly conduct charge under G. L. c. 272, § 53).

b. Objective component of "shock" or "alarm." The fourth element, "shock" or "alarm" impact, requires the Commonwealth to demonstrate a "substantially more serious and negative impact" to prove conduct constituting "open and gross lewdness and lascivious behavior," under G. L. c. 272, § 16, as compared to conduct that violates the indecent exposure statute, G. L. c. 272, § 53. Ora, 451 Mass. at 127. The "process of judicial construction," id. at 128, now leads us to emphasize that this element includes an objective component. Cf. Commonwealth v.

---

sufficient to establish that the police officer "experienced a significant negative emotion," id. at 347, it did not address whether, as an objective matter, there was evidence to demonstrate that it was reasonable for an experienced police officer to be "shocked and alarmed" by the conduct. Cf. Revere v. Aucella, 369 Mass. 138, 142-143 (1975) (G. L. c. 272, § 16, may not constitutionally apply where there is no imposition of "lewdness or nudity on an unsuspecting or unwilling person").

Braica, 68 Mass. App. Ct. 244, 246 (2007) (criminal harassment statute expressly requires conduct or speech that both "seriously alarmed the victim" and would "cause a reasonable person to suffer substantial emotional distress," G. L. c. 265, § 43A [a]). Cf. also Commonwealth v. Johnson, 470 Mass. 300, 308, 313 (2014) (construing element of "serious[] alarm[]" under criminal harassment statute), citing Kessler, 442 Mass. at 773-774 (offense did not satisfy shock or alarm component of open and gross lewdness statute).

The objective of G. L. c. 272, § 16, is to criminalize behavior that is shocking or alarming to society generally, "as distinct from punishing the defendant for the effect of that conduct on particular victims." Botev, 79 Mass. App. Ct. at 287. The requirement that one or more persons was personally and in fact shocked or alarmed is the first step in "insur[ing] that the conduct in question indeed is of a character warranting a felony conviction under G. L. c. 272, § 16, as distinct from a misdemeanor conviction under G. L. c. 272, § 53." Id. at 288. The requirement that the person's reaction be reasonable is the second step. A person's particular reaction -- or the particular words used to characterize his or her emotional response -- to the misconduct will not suffice to support a conviction under § 16 if the reaction is not one that a fact finder finds reasonable. See Braica, 68 Mass. App. Ct. at 246.

See also Commonwealth v. Sullivan, 469 Mass. 621, 624-629 (2014) (applying objective standard to charge of accosting or annoying person of opposite sex under G. L. c. 272, § 53). Requiring the Commonwealth to demonstrate that "shock" or "alarm" was an objectively reasonable reaction in the circumstances of the conduct is consistent with the statutory objective.

Conclusion. The judgment of conviction of resisting arrest is affirmed. The judgment of conviction of open and gross lewdness and lascivious behavior is reversed. Because the defendant does not challenge the sufficiency of the evidence with respect to the first four elements of open and gross lewdness and lascivious behavior, including public exposure of his penis, see G. L. c. 277, § 79, the case is remanded for entry of a conviction on the lesser included offense of indecent exposure.

So ordered.