NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-582

COMMONWEALTH

vs.

ROBERT RIEDER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant was convicted of open and gross lewdness in violation of G. L. c. 272, § 16. On appeal, he claims that his motion for a required finding of not guilty should have been allowed because the evidence was insufficient to prove that his alleged conduct actually caused one or more persons to experience shock or alarm.[1] We affirm.

---

[1] The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and renewed his motion at the close of all the evidence. The defendant testified on his own behalf and denied engaging in any inappropriate or criminal behavior. Because the judge, as finder of fact, was entitled to reject the defendant's testimony in its entirety, the Commonwealth's case did not deteriorate with the presentation of the defendant's case. See Commonwealth v. Berry, 68 Mass. App. Ct. 78, 81 (2007). Therefore, we limit our discussion of the evidence to that presented by the Commonwealth in its case-in-chief.

Background.  In considering a question of the sufficiency of the evidence, "we must look at the evidence in the light most favorable to the Commonwealth to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Ruci, 409 Mass. 94, 96 (1991), citing Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  The judge, as finder of fact, could have found as follows.

During the early evening on July 13, 2020, S.T. was talking on the phone with a friend in the back hallway of her apartment located on Irving Street in Framingham.  From the hallway windows, she had a clear view of the street below.  While speaking on the phone, S.T. saw a maroon car drive by.  All of the car's windows were open, and there was a dog in the backseat.  The driver, later identified as the defendant, was completely naked, and S.T. saw him stroking his penis.  Initially, S.T. laughed and told her friend what she had seen and said that she was not surprised.  However, when the defendant drove by a second time, S.T.'s reaction changed.  She told her friend, "Oh shit.  I can't believe that I just saw that."  S.T. became more concerned when she observed the defendant slow down near a child riding a bicycle.  At this point, S.T. left the apartment intending to obtain the defendant's license plate number and follow his car.  Upon

2

arriving outside, she saw the maroon car drive by a third time. S.T. was worried that the defendant would keep coming around the block and that he might "snatch a kid or something."

S.T. got into her mother's car, called the police, and began to follow the defendant until he stopped near a park. Shortly thereafter, Framingham Police Officer Mason Brown arrived in response to S.T.'s report. He noticed a vehicle with its hazard lights activated, and then saw S.T. "frantically" waving and pointing at a maroon Volkswagen. S.T. was physically shaking, her voice was shaking, and Officer Brown tried several times to calm her.

Officer Brown also observed the defendant, who was sitting in the driver's seat of the car. The defendant appeared disheveled. He was wearing a pair of shorts and nothing else. An open jar of coconut oil was in the cup holder next to the driver's seat and a dog was in the car. The defendant was arrested and transported to the police station where, in response to the officer's questions, he denied that he had been masturbating and claimed he was using the coconut oil to massage his legs.

<u>Discussion</u>. A conviction of open and gross lewdness requires proof of five elements: "that the defendant (1) exposed genitals, breasts, or buttocks; (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a

3

manner so 'as to produce alarm or shock'; (5) thereby actually shocking or alarming one or more persons." Commonwealth v. Maguire, 476 Mass. 156, 158 (2017), quoting Commonwealth v. Swan, 73 Mass. App. Ct. 258, 260-261 (2008). As previously noted, the defendant contends there was insufficient evidence as to the fifth element only. He agrees that the evidence was sufficient to prove the first four elements and, consequently, he concedes that the Commonwealth satisfied its burden of proving the lesser included offense of indecent exposure. Accordingly, he requests that we reverse his conviction and remand the matter for entry of a conviction of the lesser included offense of indecent exposure. We decline to do so because we conclude that the evidence was sufficient to prove the offense of open and gross lewdness beyond a reasonable doubt.

"The fifth element of proof requires the Commonwealth to demonstrate that at least one person 'in fact' was 'alarmed or shocked' by the defendant's exposure." Maguire, 476 Mass. at 159. "This requires evidence of strong negative emotions -- a subjective inquiry -- most commonly corroborated by an immediate physical response." Id. "Mere nervousness and offense has never been held sufficient to warrant a finding that the viewer was 'in fact alarmed or shocked.'" Commonwealth v. Kessler, 442 Mass. 770, 774 (2004).

4

The defendant argues that the Commonwealth failed to present sufficient evidence that S.T., or any other person, was shocked or alarmed by his conduct because S.T.'s initial reaction was to laugh and tell her friend that she was not surprised. This argument ignores evidence of S.T.'s emotional state beyond her initial reaction. See Commonwealth v. Taranovsky, 93 Mass. App. Ct. 399, 403 (2018), quoting Commonwealth v. Pereira, 83 Mass. App. Ct. 344, 347 (2012) ("'[T]he fact finder may consider not only the words used by the witness, but also other indicia of the witness's emotional state' in determining whether the observer suffered significant negative emotions as a result of the defendant's actions"). As noted, after seeing the defendant a second time, S.T.'s reaction changed and she told her friend, "Oh shit. I can't believe that I just saw that." She then became concerned when she saw the defendant slow down near a child on a bicycle, and she began to fear that the defendant might attempt to "snatch a kid or something."

Although the defendant is correct that concern for others, standing alone, is insufficient to establish shock or alarm, see Maguire, 476 Mass. at 160 ("Vicarious concern for other people or even disgust does not convert any ordinary indecent exposure case into one for open and gross lewdness" [quotation omitted]), here, S.T. had a significant emotional reaction to the

5

defendant's behavior independent from her concern for others. Upon seeing the defendant drive around the block a second time, S.T. decided to get into her mother's car and follow him in an attempt to report his behavior to police. See Taranovsky, 93 Mass. App. Ct. at 403 (one indicium of witness's emotional state is whether the witness immediately reported incident). By the time Officer Brown arrived at the location of S.T.'s vehicle, he observed her to be "completely frantic." Officer Brown testified that he "had to try numerous times to get her to calm down." This "evidence of strong negative emotions" on the part of S.T. was sufficient for a rational finder of fact to conclude that S.T. was shocked or alarmed by the defendant's behavior. Maguire, supra at 159. Accordingly, the judge did not err in denying the defendant's motion for a required finding of not guilty.

Judgment affirmed.

By the Court (Vuono, Hand & Hodgens, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered: July 21, 2023.

---

[2] The panelists are listed in order of seniority.