NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1280

COMMONWEALTH

vs.

ROGERIO S. THOMAZ DOS REIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Rogerio S. Thomaz Dos Reis, appeals from his conviction, after a jury trial in the District Court, of open and gross lewdness, G. L. c. 272, § 16. Concluding that there was sufficient evidence to establish that a correction officer was "alarmed or shocked" by the defendant's exposure, we affirm.

1. Standard of review. "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Oliver, 102 Mass. App. Ct. 609, 611 (2023), quoting Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019). "[T]he evidence relied on to establish a defendant's guilt may be entirely circumstantial," Commonwealth

v. Linton, 456 Mass. 534, 544 (2010), S.C., 483 Mass. 227 (2019), and "[t]he inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Wheeler, 102 Mass. App. Ct. 411, 413 (2023), quoting Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017).

2. Sufficiency of the evidence. A conviction of open and gross lewdness requires proof that "the defendant (1) exposed genitals, breasts, or buttocks; (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so 'as to produce alarm or shock'; (5) thereby actually shocking or alarming one or more persons." Commonwealth v. Maguire, 476 Mass. 156, 158 (2017). Accord Commonwealth v. Quinn, 439 Mass. 492, 499 (2003). The defendant challenges only the Commonwealth's proof of the fifth element.

Here, the Commonwealth presented sufficient evidence for a reasonable trier of fact to find that the correction officer was shocked or alarmed by the defendant's conduct. The correction officer testified that the defendant, fully nude, stroked his penis while making eye contact with the officer. "Where an 'observer suffered significant negative emotions as a result of the exposure,' the observer's reaction 'could justifiably be deemed alarm or shock,' as required to convict a defendant of open and gross lewdness." Commonwealth v. Pereira, 82 Mass.

2

App. Ct. 344, 347 (2012), quoting Commonwealth v. Kessler, 442 Mass. 770, 775 (2004). The officer testified that she was "disgusted once [she] realized what was occurring," "because I'm not an object of his desire, not there for that." The officer herself was disgusted; this was not a case where she expressed "[v]icarious concern for other people." Commonwealth v. Maguire, 476 Mass. 156, 160 (2017).

The defendant argues that, considering that the officer had been working in a men's prison for nearly five years, her testimony "lacked any credibility," but "it is for the jury to determine where the truth lies, for the weight and credibility of the evidence is wholly within their province." Commonwealth v. Malone, 100 Mass. App. Ct. 399, 404 (2021), quoting Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007) and 460 Mass. 12 (2011). Moreover, "[a]n important factor in determining whether a witness experienced alarm or shock is whether the witness immediately reported the incident." Commonwealth v. Militello, 66 Mass. App. Ct. 325, 334 (2006). Once the officer realized what was happening, she immediately notified her direct supervisor. Viewing the evidence in the light most favorable to the Commonwealth, the jury could reasonably find that the officer was alarmed or shocked by the defendant's exposure. Cf. Commonwealth v. Gray, 40 Mass. App. Ct. 901, 901 (1996) (janitor's statement that he was "disgusted"

3

by defendant's act of fellatio, together with swift reporting of incident to police, enough for jury to find alarm or shock).

<u>Judgment affirmed</u>.

By the Court (Ditkoff, Englander & Smyth, JJ.[1]),

<i>Paul Little</i>

Clerk

Entered:  August 6, 2024.

---

[1] The panelists are listed in order of seniority.