NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1292

COMMONWEALTH

vs.

ALEXANDER BOITEUX.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged with open and gross lewd and lascivious behavior, G. L. c. 272, § 16, and subsequently was convicted by a jury in the Boston Municipal Court of the lesser included offense of indecent exposure, G. L. c. 272, § 53.  On appeal, he contends that the evidence was insufficient to prove that he intentionally exposed himself in a manner that was offensive to the victim.  We affirm.

Background.  We summarize the facts in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  In August 2021, the victim, whom we shall call Lucy, was employed by a medical center as an ambulatory service representative.  She worked in what she

described as a "call center," which consisted of a "very small" closet space typically shared among two to five coworkers. The space contained two long desks, both of which held about four computers.

On the afternoon of August 23, 2021, Lucy was working in the office with the defendant, who was sitting next to her. As was sometimes the case, the lights were off. At a certain point, the defendant put on a trench coat, which Lucy found strange because the room was hot. The defendant then began to masturbate. Lucy saw the defendant move his hand in an "up and down motion." Lucy testified that she was "in . . . complete shock" and that she "triple checked" to confirm that the defendant was indeed masturbating; when doing so, she saw the defendant's penis. Lucy then sent a text message to her sister stating, "my coworker has his [d]ick out."[1] Lucy then left the room and reported the defendant's behavior to her supervisor.

When Lucy returned to the office about fifteen minutes later, she "more clearly" saw the defendant's penis, which was still exposed. Lucy then sent a text message to her mother and

---

[1] The text message was introduced as an exhibit at trial. The text message said, "my coworker has his sick out," and Lucy clarified "sick" was a typographical error. She meant to write "dick."

2

said that she was "pissed" and felt "violated."[2]  She reported the defendant's conduct to her supervisor again before leaving work.

Discussion.  The crime of "[i]ndecent exposure requires proof of an intentional act of lewd exposure, offensive to one or more persons."  Commonwealth v. Kennedy, 478 Mass. 804, 811-812 (2018), quoting Commonwealth v. St. Louis, 473 Mass. 350, 364 (2015).  "The exposure of one's genitalia is a necessary element to indecent exposure."  Kennedy, supra, quoting St. Louis, supra.

The defendant argues that the Commonwealth failed to prove that he intentionally exposed his penis because the lights were off, and he put on a trench coat before he allegedly began to masturbate.  The problem with this argument is that it views the evidence in a light favorable to the defendant, while case law requires that we view the evidence in the light most favorable to the Commonwealth.  Based on Lucy's testimony, the jury could reasonably have found beyond a reasonable doubt that the defendant intentionally exposed his penis.  See Commonwealth v. Tavares, 471 Mass. 430, 434 (2015) (inferences drawn "need only

_____

[2] This text message was also introduced as an exhibit at trial.  The text message said "Mom, my co-worker was jerking off next to me.  On my life, on my son.  [My sister] thinks it's funny.  I'm pissed.  I feel violated."

be reasonable and possible, and need not be necessary or inescapable" [citation omitted]).  As noted above, Lucy testified that she saw the defendant's penis when he was masturbating and that his penis was still exposed when she returned to the office after reporting the incident to her supervisor.  This testimony was sufficient to meet the Commonwealth's burden of proof.  See Commonwealth v. Swan, 73 Mass. App. Ct. 258, 261-262 (2008) (sufficient evidence of defendant's intent to expose himself in public bathroom where defendant positioned erection to be visibly exposed).

The defendant also argues that the Commonwealth failed to prove that his conduct offended Lucy.[3]  Specifically, he contends that the evidence did not establish whether Lucy's "annoyance" stemmed from his alleged masturbating or "the fact that the defendant's penis was exposed."  This argument is unavailing.

"Offense for purposes of [proving] indecent exposure means 'displeasure, anger or resentment.'"  Commonwealth v. Waterman, 98 Mass. App. Ct. 651, 657 (2020), quoting Kennedy, 478 Mass. at

_____

[3] In his brief, the defendant discusses the elements of the crime of open and gross lewd and lascivious behavior, which requires proof that the defendant acted in a manner so as to produce "alarm" or "shock" and that one or more persons were in fact alarmed or shocked by the defendant's intentional exposure, see Commonwealth v. Maguire, 476 Mass. 156, 158-159 (2017), and he argues that these elements were not proved.  Because the defendant was convicted of the lesser included crime of indecent exposure, we need not address this argument.

4

812.  Here, Lucy specifically testified that, after seeing the defendant's penis, she "went into shock."  She also sent text messages to her sister and mother saying that a coworker had exposed his penis and expressing her disgust and anger.  Lucy's reactions were sufficient to establish that she was in fact offended.  See Swan, 73 Mass. App. Ct. at 262 (testimony that victim felt "embarrassed and threatened" sufficient to show that victim was offended).

<u>Judgment affirmed</u>.

By the Court (Vuono,
Massing & Allen, JJ.[4]),

Clerk

Entered:  October 10, 2025.

---

[4] The panelists are listed in order of seniority.