Commonwealth *v.* Stoltz.

COMMONWEALTH *vs.* DANIEL J. STOLTZ.

No. 07-P-1824.

Plymouth. September 4, 2008. - February 5, 2009.

Present: McHUGH, MILLS, & WOLOHOJIAN, JJ.

*Practice, Criminal,* Required finding, Instructions to jury. *Abuse Prevention. Protective Order.*

At a criminal trial, the evidence, viewed in the light most favorable to the Commonwealth, was marginally sufficient to convict the defendant under G. L. c. 208, § 34C, of violation of an abuse prevention order obtained by his former wife, where it permitted inferences that the defendant either failed to remove himself with reasonable promptness from a restaurant after becoming aware of his former wife's presence, or followed her outside the restaurant when she took it upon herself to leave; however, where the jury were not adequately instructed as to the former theory of liability, the defendant's conviction could not stand. [644-646]

COMPLAINT received and sworn to in the Plymouth Division of the District Court Department on November 6, 2006.

Following transfer of the case to the Wareham Division, the case was tried before *Brian F. Gilligan*, J.

*R. Daniel Pomeroy*, Assistant District Attorney, for the Commonwealth.

*Stephen M. Dodd* for the defendant.

MILLS, J. The defendant, Daniel J. Stoltz, was tried for violation of an abuse prevention order, punishable under G. L. c. 208, § 34C. He moved for a required finding at the close of the Commonwealth's case and again at the close of all evidence. The motions were denied, and the jury returned a guilty verdict. Following discharge of the jury, the judge heard arguments on a renewed motion for a required finding. He then ordered entry of a finding of not guilty. See Mass.R.Crim.P. 25(b)(2), as amended, 420 Mass. 1502 (1995). The Commonwealth appeals, arguing that the evidence permitted inferences that the defendant failed

to remove himself from a restaurant after becoming aware of his ex-wife's presence and followed her outside when she took it upon herself to leave.

In reviewing the judge's order under rule 25(b)(2), "we must consider and determine whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged . . . ." *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979), quoting from *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975). The evidence most favorable to the Commonwealth showed the following.

On November 5, 2006, around 5 P.M., Eve Stoltz, the defendant's ex-wife, took her two children to the 99 Restaurant in Pembroke. She entered the restaurant with her children, walked through the bar area, and sat at a table in the dining room. Unbeknownst to her, the defendant and his friend were returning from Martha's Vineyard and decided to have dinner at the same 99 Restaurant because it was on their way. They arrived sometime after Eve Stoltz and seated themselves at the bar. The parties agree that their simultaneous patronage of the restaurant was coincidental. Additionally, the defendant stipulated to his knowledge of an active abuse prevention order.[1]

After placing her order, Stoltz looked up and saw the defendant for the first time. She testified that he was seated in the bar area and was staring at her. She asked the waitress to box her food and used her cellular telephone to call the police to inform them of the situation. She then sat at the table for five minutes waiting for the police to arrive. Before walking out of the restaurant, she once again looked toward the defendant. He was still sitting by the bar and staring at her. This was approximately ten to fifteen minutes after she had made her earlier observation of the defendant looking at her. She left the restaurant with her children, and in the process passed within ten feet of the defendant. The children, to her knowledge, did not see the defendant.

---

[1]The order, issued pursuant to G. L. c. 208, § 34C, in relevant part stated: "YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF . . . either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least 50 yards from the Plaintiff even if the Plaintiff seems to allow or request contact."

Officer Robert Morgan of the Pembroke police department arrived as Stoltz was walking out of the restaurant with her children. She put the children inside her car and then had a brief conversation with Officer Morgan. Afterwards, she looked toward the entrance of the restaurant and saw the defendant standing there.[2] He was about fifty to sixty feet away from her and held a cigarette in his hand. Officer James Burns arrived shortly thereafter and spoke briefly with Officer Morgan before pulling his car up to the front of the restaurant. Upon seeing Officer Burns, the defendant turned and walked back into the restaurant. Officer Burns followed the defendant and asked him to come back outside. The defendant was placed under arrest and transported to the police station.

We conclude that the evidence was marginally sufficient to convict under the standard of *Latimore, supra* at 677-678, because a rational jury could have found that the defendant either failed to remove himself from Stoltz's presence with reasonable promptness or followed her outside the restaurant, coming within fifty feet of her. The defendant's conviction cannot stand, however, because the jury were not adequately instructed as to the former theory of liability. In particular, the jury were not specifically told to evaluate whether the defendant had made reasonable efforts to remove himself from the situation as quickly as possible. See *Commonwealth* v. *Kendrick*, 446 Mass. 72, 77 (2006).[3] While no objection was made to the incomplete instruction, where "error pertains to the definition given to the jury of the crime charged, the possibility of a substantial risk of a miscarriage of justice is inherent." *Commonwealth* v. *Hall*, 48 Mass. App. Ct. 727, 730 (2000). That substantial risk is not mitigated, in the instant case, by the presence of an alternate theory of criminal liability (i.e., that the defendant may have followed Stoltz out of the restaurant).[4] As to each theory, the Commonwealth adduced only the barest

---

[2]Stoltz also testified that "he [the defendant] was walking out behind me" when asked by defense counsel whether the defendant had tried to make contact with her.

[3]We note that the defendant introduced evidence that he was waiting for his meal to be packed before departing. We also note that the Commonwealth offered no evidence of other circumstances (e.g., how busy the service personnel at the bar were, or the number of other bar customers) that would have been helpful to the jury on the issue.

[4]The defendant did not argue, in the alternative, that the instructions provided

permissible evidence.[5] It is at least equally likely, in our estimation, that the jury convicted on the theory for which inadequate instructions were given.

With regard to the defendant's alleged failure to make a reasonable effort to leave the restaurant, the judge instructed that "[i]f you find that it was an accidental encounter and the [d]efendant was not aware of her being there, you can find that he did not intentionally violate the restraining order and you can find him not guilty." The jury were not instructed, as they should have been, that it would be impermissible to convict on this theory of criminal liability unless the Commonwealth proved beyond a reasonable doubt that the defendant had failed to make reasonable efforts to terminate the accidental encounter. Moreover, the instruction was misleading insofar as it suggested that the jury could not acquit unless they found that the defendant had no knowledge, at any time, of his ex-wife's presence. In cases of nonnegligent, in-

---

to the jury were deficient. Rather, his only argument to this court was that the judge's entry of a required finding of not guilty must be affirmed. Nevertheless, it is within our discretion to raise and correct, sua sponte, a substantial risk of a miscarriage of justice, and here we make the rare election to do so. *Commonwealth* v. *Paniaqua*, 413 Mass. 796, 802 n.5 (1992). *Commonwealth* v. *Janvrin*, 44 Mass. App. Ct. 917, 917-918 (1998), rev'd on other grounds, *Commonwealth* v. *Corcoran*, 69 Mass. App. Ct. 123, 126-127 (2007). In the factual setting of this case, the error was particularly serious. The parties agreed that the initial encounter was accidental, and the defendant introduced evidence, which the Commonwealth did not refute, that he had undertaken to depart. The jury were given no instruction as to the intentionality element of the offense, save for the tautology that a finding that the defendant was unaware of the victim's presence would permit a finding that the defendant had not intended to violate the order, and could thus be acquitted. This intended clarification was itself problematic. First, its permissive language suggested the mere option of an acquittal in the absence of a finding of intent. The jury, of course, should have been instructed that acquittal was compulsory where no intent was found. Second, the instruction was misleading in its suggestion that a lack of knowledge was required to defeat intent. For these reasons, we are persuaded that the erroneous instruction, on these facts, gave rise to a particularly grave risk of a miscarriage of justice.

[5]The Commonwealth presented contradictory evidence as to when the defendant left the restaurant in relation to his former wife. See *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 410-411 (1978) (evidence can be sufficient notwithstanding contradictions and inconsistencies). As to whether the defendant made a reasonable effort to leave the restaurant, the Commonwealth offered only the length of time that the defendant remained. No evidence was offered concerning, inter alia, how long it would have taken one exerting reasonable efforts to attract the bartender's attention. See note 3, *supra*.

advertent contact, failure to end the encounter as soon as reasonably possible is a substantive element of the offense. Massachusetts cases instruct that "[h]appening on a protected person whom one did not, and could not reasonably, know to be present *is not a violation*, but the party subject to the order must end the encounter by leaving" (emphasis supplied). *Commonwealth* v. *Kendrick*, 446 Mass. at 76. See *Commonwealth* v. *Finase*, 435 Mass. 310, 315 (2001); *Commonwealth* v. *Raymond*, 54 Mass. App. Ct. 488, 494 (2002) (defendant cannot be found in violation of order where he attempted to leave promptly, but was restrained from doing so). On these facts, the absence of an instruction that the Commonwealth was required to prove unreasonable delay created a substantial risk of a miscarriage of justice. Accordingly, the jury's verdict must be set aside.

The judgment of acquittal is vacated and the case is remanded for a new trial at the option of the Commonwealth.

*So ordered.*