NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1239

COMMONWEALTH

vs.

ABIMAEL BATISTA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The probationer, Abimael Batista, appeals from an order finding him in violation of his probation but continuing probation on the conditions then in effect. On appeal, Batista argues that the hearing judge's finding of a violation was an abuse of discretion. Seeing no abuse of discretion, we affirm.

Background. Batista was sentenced to probation after he was convicted of four counts of indecent assault and battery on a child under fourteen. Batista's probation terms contained a "no contact" provision, which prohibited him from having any contact with the victim and also required him to stay at least one hundred yards away from her at all times. On December 30, 2021, a probation violation notice was issued to Batista after the victim reported encountering him in the checkout area of a store roughly one week earlier.

At the hearing, after the victim testified about the incident, Batista agreed through counsel that he was in the store at the time, but he argued that he took reasonable steps to leave after becoming aware of the victim's presence. Batista's fiancée testified that Batista remained at the checkout for two to three minutes after seeing the victim. The judge credited the fiancée's testimony and thus found that Batista had failed to take reasonable steps to end the encounter as quickly as possible. Because this was Batista's first violation in five years, the judge ordered that Batista be reprobated without any modification in terms. Batista appealed.

Discussion. A no contact provision in a probation condition "is reasonably understood to impose an obligation on the defendant to avoid encountering or engaging [a protected person] in any way; to refrain from attendance at places where proximity to, and thus an encounter with, [a protected person] is likely; and promptly to remove himself from such proximity if an encounter arises unexpectedly." Commonwealth v. Kendrick, 446 Mass. 72, 76-77 (2006). If "inadvertent and unavoidable proximity" occurs, then a defendant should "remove[] himself from the situation as quickly as reasonably possible." Id. at 78. See Commonwealth v. Stoltz, 73 Mass. App. Ct. 642, 644 (2009).

Batista argues that the judge abused his discretion by concluding that it was unreasonable for Batista to remain at the checkout to finish paying after discovering the victim was nearby. We are not persuaded. In a probation revocation hearing, the issue to be determined is not guilt beyond a reasonable doubt but, rather, whether the probationer more likely than not violated the conditions of his probation. See Commonwealth v. Kelsey, 464 Mass. 315, 324 (2013). The court has also said that determining whether a violation occurred involves a measure of discretion. See Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014).

In announcing his decision, the judge indicated that he was crediting the fiancée's testimony that Batista lingered at the checkout for "two, maybe three minutes" after noticing the victim.[1] Batista argues in his brief that, once he became aware of the victim, he completed his transaction and "immediately" left the premises. However, Batista's subjective view of the encounter was but one factor out of several for the judge to consider. The judge could credit the fiancée's estimation of

---

[1] The fiancée also testified that even after Batista noticed the victim, "he had to stay because his debit card was still in the machine." The judge was not required to credit this portion of her testimony or to agree that Batista "had to" stay (as opposed, for example, to leaving and allowing the fiancée to retrieve the card). Nor was he required to find that the simple act of retrieving the card was what led Batista to remain near the victim for two to three minutes.

the time and find that Batista remained for two to three minutes. Based on this finding, the judge could properly view Batista's conduct as unreasonable. Accordingly, seeing no abuse of discretion or other error, we affirm the order finding Batista in violation of his probation conditions and reprobating him.

<u>So ordered</u>.

By the Court (Milkey, Blake & Sacks, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered: October 6, 2023.

---

[2] The panelists are listed in order of seniority.

4