NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

6COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1129

COMMONWEALTH

<u>vs</u>.

WILLIAM GAY GILGUN.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

Following a two-day bench trial in the District Court, the defendant was found guilty of violating a harassment prevention order, G. L. c. 258E, § 9.  He moved for a directed verdict at the close of the Commonwealth's case, which was denied; thereafter he did not renew the motion.  On appeal, the defendant argues that the judge erred in denying his motion, contending that the Commonwealth's evidence was insufficient to support a conclusion that he remained in the vicinity of the complainant after realizing she was attending the same meeting. We affirm.

<u>Discussion</u>.  Because the sufficiency of the evidence is a question of law, we review the denial of a motion for a required

finding of not guilty de novo. Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 410 (2013). "In determining the validity of a claim challenging the sufficiency of the Commonwealth's evidence at trial, we review the evidence in the light most favorable to the Commonwealth to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Powell, 459 Mass. 572, 578-579 (2011), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014). The question is whether the evidence would permit a trier of fact to find the defendant guilty, not whether it requires it. See Commonwealth v. Guy, 441 Mass. 96, 101 (2004).

"To convict a defendant of a violation of a harassment prevention order, the Commonwealth must prove 'that a court had issued such an order; that the order was in effect on the date that the violation allegedly occurred; that the defendant knew the pertinent terms of the order; and that the defendant violated the order.'" Commonwealth v. Kurko, 95 Mass. App. Ct. 719, 721 (2019), quoting Commonwealth v. Raymond, 54 Mass. App.

2

Ct. 488, 492 (2002). Here, the defendant challenges only the last element -- that the defendant violated the order.

At trial, the defendant's defense was that of accidental contact. He argued that, although he came within the vicinity of the complainant while attending the same meeting, he did so accidentally and left promptly after realizing that she was nearby. He essentially renews this argument on appeal, contending that the evidence presented by the Commonwealth in its case-in-chief was not enough to disprove that the encounter was accidental. In support of his argument, he cites to Supplemental Instruction 4 of Instruction 6.740 of the Criminal Model Jury Instructions for Use in the District Court (2019), which states that,

> "If there is evidence that suggests that the alleged [encounter] may have occurred by accident, the commonwealth must prove one of two things beyond a reasonable doubt: either that the alleged [encounter] did not occur by accident or, if it did occur by accident, that the defendant failed to take reasonable steps to end the accidental [encounter]."

See also Commonwealth v. Stoltz, 73 Mass. App. Ct. 642, 644 (2009) (describing accidental contact defense in context of abuse prevention order).

We are unconvinced. Four witnesses testified at trial on behalf of the Commonwealth and, in combination, provided sufficient evidence to overcome the motion for a required

3

finding of not guilty.  First, the complainant testified that the defendant arrived at the meeting and sat at a table approximately ten feet away from her, stared at her continuously with a smug smile, and remained for fifteen minutes before departing.  Second, a bystander testified that she saw the defendant smiling and "wide-eyed staring" at the complainant for around five to ten minutes, although she did not see when he left.[1]  Third, a different bystander testified that the defendant was present at the meeting for "close to the meeting time itself," which he stated was one hour, and that the defendant was still present when the bystander spoke to the complainant after the meeting had ended.  Finally, the police officer who arrested the defendant[2] testified that the defendant told him he had been present "at the St. Margaret's Church to attend [a] meeting."

In the light most favorable to the Commonwealth, this combined testimony was sufficient to establish that the defendant arrived at the meeting and took a seat at a table near the complainant, stared at the complainant for an extended

---

[1] She further testified that the defendant was staring at the complainant during this time even while the meeting's speaker was addressing the audience.

[2] The defendant was arrested later in the day, after being located by police at a local pond.

4

period of time, and continued to stare at her after she became aware of his presence.  See Latimore, 378 Mass. at 677.  Thus, it was also sufficient to support the judge's decision to deny the motion for a required finding of not guilty.[3]  See Guy, 441 Mass. at 101.

We are unpersuaded by the defendant's argument that the evidence was only sufficient to support a conclusion that he left the meeting as soon as he realized he had made accidental contact with the complainant.  While it is true that the defendant testified to that effect, the judge did not have that evidence before her when she was deciding the motion for a required finding of not guilty, and in any event as the finder of fact would have been free to reject it.  See Commonwealth v. Garcia, 94 Mass. App. Ct. 91, 97 (2018) (fact finder entitled to discredit conflicting testimony).  For the same reason, the defendant's argument that the setup of the meeting room

_____

[3] Although the defendant does not contest the sufficiency of the evidence with respect to the existence of the order, its effectiveness at the time of the alleged violation, or his knowledge of its terms, we note that the order itself was entered in evidence without objection and was sufficient to establish these elements.  See Guy, 441 Mass. at 101.

5

supported the conclusion that he could not have immediately noticed the complainant is unavailing.  Id.  We discern no error.

Judgment affirmed.

By the Court (Desmond, Shin & Singh, JJ.[4]),

Assistant Clerk

Entered:  June 14, 2024.

---

[4] The panelists are listed in order of seniority.